SCOTT COUNTY MILLING CO. ET AL. *v.* POWERS.

[73 South. 792, Division A.]

1. BANKRUPTCY. *Preferences. Recovery.*
   Payments made by an insolvent debtor are not recoverable as preferences, unless, at the time they were made the creditor to whom such payments were made had actual knowledge or constructive notice of the insolvency of the debtor.

2. PREFERENCES. *Recovery. Knowledge of agents.*
   The rule that notice to an agent is notice to the principal, being based upon the presumption that the agent will transmit his knowledge to his principal, the rule fails when the circumstances are such as to raise a clear presumption that the agent will not perform this duty, and accordingly where the agent is engaged in a transaction, in which he is interested adversely to his principal, or is engaged in a scheme to defraud the latter, the principal will not be charged with knowledge of the agent acquired therein.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.

Suit by Neely Powers trustee, against the Scott County Milling Company and others. From a judgment for plaintiff, defendant appeals.

The Harding-Coor Company was incorporated, with domicile at Jackson, Miss., with the capital stock of ten thousand dollars. Coor, who was the manager of the business, which was that of a wholesale grocery, agreed to take four thousand five hundred dollars of stock and to pay for same in flour. Coor was the local agent of the appellant Scott County Milling Company, and advised the other stockholders that he could arrange to get flour from his principal and turn it over to the Harding-Coor Company in payment on his stock. Coor also advised one Rector, who was a district agent of the milling company with headquarters at Vicksburg, Miss., of this arrangement. Coor afterwards ordered considerable flour from the Milling

Company, to whom he had given a bond for the sum of four thousand five hundred dollars, with the American Surety Company as surety thereon, and thereafter, at various times, about eight thousand dollars worth of flour was shipped to Coor on open account, but at no time did the amount due the Milling Company exceed the amount of the bond given by Coor. The flour thus ordered by Coor was turned over to the Harding-Coor Company, of which he was manager, and by them sold in their regular trade, and the checks of the Harding-Coor Company were forwarded to the milling company in payment of the flour. The milling company knew nothing of the arrangement which Coor had made with the Harding-Coor Company to pay for the capital stock subscribed by him in flour. Coor never paid any money to the Harding-Coor Company on his capital stock, and after a few months of existence the Harding-Coor Company went into bankruptcy, and Coor departed for parts unknown, leaving the company badly involved. Neely Powers was appointed trustee in bankruptcy, and filed his bill in the chancery court, seeking to hold the milling company as a party to Coor's fraud, and seeking the recovery of the money it had received for this flour. The American Surety Company was also joined as a party defendant. Williams & Co. brokers of Vicksburg, Miss., were also joined as parties for the purpose of attaching property of the milling company, which was a Missouri corporation. It is claimed that the payments made by Coor to the milling company for the flour shipped to him and turned over to the Harding-Coor Company were voidable preferences, having been made within four months of bankruptcy. The milling company denies any knowledge of the fraud perpetuated by Coor on the Harding-Coor Company. The court held its decree that the amount paid to the milling company during the period of four months preceding bankruptcy were preferences

and voidable, and entered a decree for an amount sufficient to cover these items.

*Alexander & Alexander,* for appellant, Milling Co.

*Clayton D. Potter* and *Geo. Butler,* for appellant, American Surety Co.

*Fowers, Brown, Chambers & Cooper,* for appellee.

No brief of counsel on either side found in the record.

SMITH, C. J., delivered the opinion of the court.

The only error committed by the court below, in so far as the result reached is concerned, was in holding certain payments made the Scott County Milling Company to be recoverable preferences under the bankrupt law. These payments cannot be recoverable as preferences unless, at the time they were made, the Scott County Milling Company had actual knowledge or constructive notice of the insolvency of the Harding-Coor Company, conceding that this company was then insolvent. Actual knowledge on the part of the milling company is not claimed by counsel for appellee, and any knowledge that its agent, Coor, may have had in this connection cannot be imputed to the milling company; for the reason that in all the dealings between it and the Harding-Coor Company the interests of Coor, because of the fact that he was a stockholder and the business manager of the Harding-Coor Company, were adverse to the milling company, he being engaged, in fact, in a scheme to defraud either it or the Harding-Coor Company, or both.

"The rule that notice to an agent is notice to the principal, being based upon the presumption that the agent will transmit his knowledge to his principal, the

rule fails when the circumstances are such as to raise a clear presumption that the agent will not perform this duty, and accordingly, where the agent is engaged in a transaction in which he is interested adversely to his principal, or is engaged in a scheme to defraud the latter, the principal will not be charged with knowledge of the agent acquired therein." 31 Cyc. 1595.

*Reversed, and bill dismissed.*