Mr. Chief Justice Shaekey
delivered the opinion of the court.
Suit was brought by Cole for'the use of Gibson, on an instru *478 ment in the following words: — “ Due John H. Cole three hundred and twenty-seven dollars twenty-seven and a half cents, to be cancelled by a cotton bond, this 28th January, 1839. John Connelly, J. Hundley.” The process was returnable to May term, 1840, and was executed on Hundley, against whom a judgment by default was taken at July special term. Execution issued, and he gave a forthcoming bond, and then filed a bill for an injunction, which was answered and depositions taken, and at the hearing the injunction was made perpetual.
The bill charges that this debt was to be paid in notes of the Bank of Madison county — that the amount in such notes was tendered by Connelly, the principal, and that he is still ready and willing to pay in that way, although his insolvency is also charged ; and it appears from the proceedings in the cause, that he has removed from the state. It is also charged, that Cole was a stockholder in the bank, and that it is now insolvent; although there is no charge that this contract was made in behalf of the bank, and any proof on that subject was irrelevant. The reason given for the failure to attend the court and defend at law, is that complainant was dangerously sick during the July term.
In the first place, if there is any defence set out in the bill, it could have been made at law ; and the reason given for a failure to defend is insufficient. The judgment was not rendered at the return term — the party had ample time, but still he does not aver that he employed an attorney, and informed him of his defence — he had filed no plea, nor had he subpoenaed witnesses. If he had been well and present, he could not even have procured a continuance of the cause on the showing made by this bill.
But the defence set up is insufficient to avail him. He avers that the note was to be paid in the notes of the Bank of Madison County, which had been tendered by Connelly, the principal, who is now ready and willing to pay, but the notes were not brought into court. But the contract set out in the bill is entirely a different one from that declared on. The *479 note was for so much money, to be cancelled by a cotton bond. The complainant avers that it was to be paid in the notes of the Bank of Madison County. Parol evidence is not admissible to vary a promissory note, so as to change its terms, and make it a different contract. 1 Phill. Evid. 555, and note 976.
The decree must be reversed, and bill dismissed.