## J. B. COLT Co. *v.* KELLY *et al.*[*]

(Division A.    April 12, 1926.)

[107 So. 757.    No. 25407.]

SALES. *Giving renewal note with knowledge of breach of warranty in sale for which original was given is waiver of defense.*

Giving renewal note with knowledge of breach of warranty in the sale of the article, for price of which original note was given, is a waiver of the defense, unless there was some new consideration or fraud which induced the signing of the renewal.

---

[*]Corpus Juris-Cyc. References: Bills and Notes, 8 C. J., p. 444, n. 16; p. 445, n. 17. Sales, 35 Cyc., p. 433, n. 42. Renewal of note for price as waiver of breach of warranty, see 24 R. C. L., p. 239; 5 R. C. L. Supp., 1277.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by the J. B. Colt Company against John O. Kelly and others. From an adverse judgment, plaintiff appeals. Reversed and judgment rendered.

*Welch & Cooper* and *Roy R. Noble* for appellant.

The renewal note is the note sued on. The record shows that appellees on March 19, 1923, executed and delivered the note sued on in renewal of a note given for the purchase price of the lighting plant. At the time of the execution of the renewal note, appellee *actually* knew that the plant was defective as they now charge and *actually* knew all of the material facts.

We submit that appellees in a suit on the renewal note cannot be heard to plead the defects which they now claim and of which they had long known at the time of the execution of the renewal note. This question, so far as we have been able to find, has not been decided by this court.

Where one who gives a note as the purchase price of property and who at a later date, knowing that there has been a breach of warranty or a failure in whole or in part of the consideration, gives a renewal note, such maker is estopped in a suit on the renewal note to rely upon the failure in whole or in part of the consideration. See *Odbert* v. *Marquet,* 163 Fed. 892, affirmed in 175 Fed. 44; *Enslen* v. *Bank,* 255 Fed. 527, writ of *certiorari* denied in 249 U. S. 617, 63 L. Ed. 804; *Padgett* v. *Lewis,* 45 So. 29, 54 Fla. 177. See, also, *Roess Lbr. Co.* v. *Bank,* 68 Fla. 324, 67 So. 188; *Hyer* v. *Mfg. Co.,* 50 So. 485, 58 Fla. 283; *Phosphate Co.* v. *Harvester Co.,* 62 Fla. 185, 57 So. 206; *Walker* v. *Bank,* 256 Fed. 1; *Stewart* v. *Simon,* 111 Ark. 358, 163 S. W. 1135; *Car Co.* v. *Atlanta R. Co.,* 100 Ga. 254, 28 S. E. 40; *McDaniel* v. *Malony Mach. Co.,* 6 Ga. App. 848, 66 S. E. 146; *Hogan* v. *Brown,* 112 Ga. 662, 37 S. E. 880; *Sheffield* v. *Harrisburg Co.,* 3 Ga. App. 374, 59 S. E. 113; *Montfort* v. *Guano* Co., 108 Ga. 12, 33 S. E. 636; *Hunter* v. *Lannis,* 82 Tex. 677, 18 S. W. 201.

In further support of the principle applicable here, see *Smith* v. *Smith,* 4 Ido. 1, 35 Pac. 697; *Cameron* v. *Noll,* 3 Ala. 158; *Bank* v. *Williams,* 143 Ia. 177, 121 N. W. 702; *McCormick Co.* v. *Yoeman,* 26 Ind. App. 498, 44 N. E.

552; *Dodd* v. *Sign Co.*, 126 Ark. 14, 189 S. W. 663; *Haglin* v. *Freedman*, 118 Ark. 465, 177 S. W. 429; *Keyes* v. *Mann*, 63 Iowa 560, 19 N. W. 666; *Muscheiwicz* v. *Tidrick*, 40 S. D. 435, 167 N. W. 499; *Adams* v. *Auto Co.* (Texas), 202 S. W. 207; *Griffith* v. *Trabue* (Tenn.), 11 Heisk. 645; *Riggins* v. *Mfg. Co.*, 123 Ga. 232, 51 S. E. 434; *Keckly* v. *Union Bank*, 79 Va. 458; *Moore* v. *Wade*, 124 Ark. 137, 186 S. W. 828; *Farmers Bank* v. ———, 225 Pac. 705, 98 Okla. 293; *Bank* v. *Hungerford* (Okla.), 239 Pac. 252.

Appellees claimed in their pleading and in their proof that the light plant was not worth more than the sum appellees had paid. They claimed a breach of warranty. They admit, however, they knew of these things within a year after the original note was given. The renewal note was executed two years after the acquisition of this knowledge.

Applying the principle of the cases cited; we submit that this case should be reversed and judgment rendered here for appellant.

*Jeff Collins,* for appellees.

Appellant says that if the appellees knew of the defects in the plant before the renewal note was signed, they cannot set up the defense of failure of consideration as they are estopped to set up this defense. In answer I say that the testimony nowhere shows that the condition of the lighting plant was the same at the time the note was renewed. The plant was still in use and had not completely failed.

The question of appellees' knowledge of the defects and of their waiver of the defects was submitted to the jury on appellant's instruction and was found against appellant. Our contention is that under the testimony as to this plant getting worse and worse until it became useless, and it did not become useless until after the renewal note was given, it was a question for the jury, provided it had been raised by the pleadings. And whether it was

raised by the pleadings or not, appellant is precluded by the finding of the jury.

The facts of this case do not bring it within that class of cases to which appellant refers in his brief, and for this reason the case ought to be affirmed. We do not want to be understood as saying that there are no cases that hold with the contention of appellant; but we do say that this is a case of first impression in Mississippi, and the line of authorities that holds that the maker of a renewal note, which does not and is not accepted as payment of the original indebtedness but is, only an extension of the time of payment, giving the payee a note overdue for one not overdue, is not in keeping with reason and justice and should not be followed by this court. See *Ins. Co.* v. *Whitney,* 1 Mass. 22.

One of the best reasoned cases on this proposition is *Scandinavian Bank of Fargo* v. *Westby* (N. D.), 172 N. W. 665. The same rule will be found laid down in *Adams* v. *Ashman* (Pa.), 53 Atl. 375. See, also, *Anthon Bank* v. *Bernard,* 191 N. W. 283; *International Harvester Co.* v. *Thomas,* 175 N. W. 526; *Dodd* v. *Axle Nutt Sign Co.* (Ark.), 189 S. W. 663; *King* v. *Doane,* 139 U. S. 166, 35 L. Ed. 84; *Armstrong* v. *Walker* (Ala.), 76 So. 280.

Under the principle that the maker of a renewal note has the same defense, as between him and the payee, as he had to the original note, this case ought to be affirmed.

Argued orally by *Ellis B. Cooper,* for appellant, and *Jeff Collins,* for appellees.

McGOWEN, J., delivered the opinion of the court.

The appellant, J. B. Colt Company, sued the Kellys on a promissory note for the sum of two hundred fifty-seven dollars and seventy cents, dated March 19, 1923, and due November 1, 1923, which note was a renewal note. The original contract was dated October 16, 1920, by which the plaintiff was to deliver a carbide generator

lighting plant to the Kellys. The original note was dated in December, 1920, two years and three months before the execution of the renewal note.

To the declaration filed by the plaintiff, the defendants pleaded a failure of the warranties made by the plaintiff to the defendants in the sale of the light plant and generator, in that the apparatus was of very inferior material, not durable, and went to pieces with rust; next, that the apparatus was not automatic in action; and, next, that same was not of good material and workmanship; and the plaintiff replied to this plea of recoupment, and in the plea there is this language:

"That the renewal note is the note sued on; and defendants knew at the time of the renewal of the matters and things complained of."

We deem it unnecessary to set forth at length, or mention, other matters found in the record in this case.

The plaintiff asked for a peremptory instruction, which was refused by the court, and this is the only assignment of error we shall consider.

The plaintiff's testimony is uncontradicted that he had ceased to use this plant before two years had expired; that he knew of most of the defects complained of in his plea in less than a year; and it is clear to us that he signed the renewal note at a time when he knew of the alleged defects and when he had ceased to use it for a plant according to the undisputed evidence in this record.

The signing of the renewal note with knowledge of the breaches of the warranties is an estoppel of the defendants from setting up said breaches. Such signing of a renewal note is a waiver of the defense, and may not be set up to defeat the recovery of the renewal note unless there was some new consideration offered or fraud perpetrated which induced the signing of a renewal note. The result, as above set forth, seems to be amply sustained without regard to whether the note remained in the hands of the original holder or purchaser for value. *Padgett* v. *Lewis,* 45 So. 29, 54 Fla. 177; *Roess Lumber Co.* v. *Bank,* 67 So. 188, 68 Fla. 324, L. R. A. 1918E, 297,

Ann. Cas. 1916B, 327; and *Franklin Phosphate Co.* v. *International Harvester Co.,* 57 So. 206, 62 Fla. 185, Ann. Cas. 1913C, 1247; *American Car Co.* v. *Railway Co.,* 28 S. E. 40, 100 Ga. 254; 8 C. J. par. 658, notes 16 and 17.

The court below having submitted the matter to the jury, and the jury having found for the defendants, we are of the opinion that there was no disputed fact to be submitted to the jury and that the law is against the defendants.

The judgment of the court below will be reversed, and judgment here will be entered for the amount of the note with interest at eight per cent: per annum and with ten per cent. attorney's fees added thereto.

Reversed, and judgment here for appellant.

*Reversed.*