CHEROKEE MILLS *v.* CONNER.

(Division A. Feb. 6, 1933.)

[145 So. 735. No. 30367.]

W. U. Corley, of Collins, for appellant.

T. W. Cranford, of Seminary, and McIntosh & Mc-
Intosh, of Collins, for appellee.

**Cook, J.,** delivered the opinion of the court.

On March 23, 1928, the appellant, manufacturer of flour, shipped to the appellee a car of flour, invoiced and valued at nine hundred eleven dollars, which was accepted by the appellee. The appellee made payments during 1928 and 1929 amounting to seven hundred seventy-two dollars, leaving a balance due on the purchase price of the flour of one hundred thirty-nine dollars. In September, 1929, suit was instituted for this balance in the court of a justice of the peace. On the 7th day of February, 1930, a judgment by default was entered in the said justice court, and thereupon the appellee appealed to the circuit court. In the circuit court the cause was continued from time to time until the July, 1931, term of court, when, for the first time, the appellee filed a plea of recoupment, alleging that he had suffered a loss to the amount of the balance sued for, an account of the fact that the flour was damaged and unfit for human consumption. On the trial of the cause there was a verdict and judgment in favor of the appellee, from which this appeal is prosecuted.

The appellee testified that he discovered the defective condition of the flour shortly after he placed it on the market; that he reported that fact to a representative of the appellant and offered to return the flour; that upon the assurance of this representative that he would assist him in securing an adjustment of the matter, he continued to try to dispose of the flour, but was unable to dispose of all of it; that some of it was sold for hog feed, some thrown away, and some burned when his store building burned. The evidence, however, shows that the appellee continued to make payments on the account from time to time until all had been paid except the balance of one hundred thirty-nine dollars sued for; that in May, 1929, he executed and delivered to appellant three postdated checks for fifty dollars each to cover the balance then due; and that these checks were not paid by the bank on which they were drawn on account of the fact that appellee had "insufficient funds" on deposit in the bank to pay them.

On July 30, 1929, after the last of these checks had been dishonored, the appellee wrote appellant's attorney a letter in reference to the account, saying, among other things, that: "At the time I started to make payment on this account I had the assurance from their representative that they would not sue and would give me time in which to pay same. . . . You well know conditions at this time and it seems as though it is impossible for me to make any collections for at least two weeks, however at that time I will be able to make payment covering this. I admit I owe the account in full and will not fight the suit if you see fit to start same. However I have proof of the above assurance given me and will have to use same. I do hope that you will be able to defer this suit for a while and give me the chance to settle without further expense to me."

On September 13, 1929, after the appellee had been advised that the account had been filed with justice of

the peace G. F. Eaton for suit, he again wrote appellant's attorney as follows: "With reference to the Cherokee Mills account I want you to advise Eaton that it will be satisfactory for me to make three payments covering this as follows: fifty dollars on the 16th, fifty dollars on the 23rd and the balance thirty-nine dollars on the 30th. This will be a great help to me and I will greatly appreciate same." After the receipt of this letter no final action was taken in the justice court until the following February.

We think that by the execution of the checks for the payment of the account in full, and the repeated promises and offers to pay the account in full, in consideration of forbearance to sue and extension of the time for payment, all made more than a year after the alleged defective condition of the flour was discovered, the appellee waived any defense on the ground of breach of warranty of quality of flour, and that upon the facts appearing in this record the appellant was entitled to the peremptory instruction requested for it. Brewer v. Automobile Sales Co., 147 Miss. 603, 111 So. 578. The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellant for the amount sued for.

Reversed, and judgment for the appellant.