MEMPHIS AUTOMATIC MUSIC CO. *v.* CHADWICK *et al.*

(Division A. Feb. 20, 1933.)

[146 So. 137. No. 30440.]

**G. S. Landrum,** of Koscuisko, for appellant.

**F. E. Leach,** of Carthage, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant instituted this suit in the circuit court of Leake county against the appellees, George H. Chad-

wick and W. P. Edwards, to recover a balance alleged to be due on the purchase price of a piano and accessories, and from a judgment in favor of the appellees, this appeal was prosecuted.

On September 27, 1929, the appellant entered into a conditional contract with the appellees for the sale of a used piano to be delivered at Carthage, Mississippi, in good condition, for which the appellees agreed to pay five hundred fifty dollars; one hundred dollars in cash, and the balance to be evidenced by eighteen promissory notes payable monthly. The piano was delivered at the appellees' place of business on September 30, 1929, and was accepted by them as being in good condition, and the notes called for by the contract were executed; it being recited on the face of each note: "This note is one of a series of ——— notes of even date and of like tenor, except maturity, given by me for the purchase price of one Wurlitzer Style 1 piano Number 21811 and accessories, which has been received by me, or us, in good and perfect condition, for which condition the Memphis Automatic Music Company is hereby released."

The appellees paid some of these notes, but on May 1, 1930, several of them were past due and unpaid, and, under the terms of the contract, the balance had been declared due. On that date, the appellant and the appellees entered into a new contract where it was agreed that in consideration of the payment of one of said notes on the first of each month thereafter, beginning with June 1, 1930, the appellant would withhold the filing of suit so long as such payments were promptly made; it being expressly provided that the security and obligations of the first contract were not canceled or impaired by the second. Thereafter, the appellees paid several of the notes, but in December following, refused to pay the balance then due, abandoned the contract, and notified the appellant that the piano was stored at the railroad depot at Carthage subject to shipping orders from the appel-

lant. The appellant refused to accept the piano and cancel the contract, and thereupon filed this suit.

The appellees filed a plea of the general issue, and gave notice thereunder that they would offer evidence to prove that at the time of the sale of the piano the appellant represented it to be in perfect condition, practically new; that the next day after the piano was installed, trouble developed therein which continued to such an extent that it was worthless for the service for which it was purchased; that on or about November 16, 1930, the appellant, through its manager, entered into an oral agreement with the appellees that, in consideration of the payment of two of the past-due notes, amounting to fifty-three dollars, it would make the necessary repairs and adjustments to put the piano in first-class condition, and agreed that if, after the instrument was again tested, it failed to render satisfactory service, it could be surrendered to the appellant and the balance of the indebtedness canceled.

Seven months after the delivery of the piano, and the discovery of its alleged defective condition, the appellees executed a new contract and promise to pay the original notes in consideration of an extension of the dates of payment of these notes. There is no evidence from which it can be inferred that the appellees were induced to sign this new contract and promise to pay by fraud, and the execution of the contract with full knowledge of the breach of warranty, if any, waived any defense on the ground of breach of warranty of the quality and condition of the piano. Colt Co. v. Kelly, 142 Miss. 617, 107 So. 757; Brewer v. Automobile Sales Co., 147 Miss. 603, 111 So. 578, and Cherokee Mills v. Jack Conner (Miss.), 145 So. 735.

The only remaining question is whether or not the alleged oral agreement of November 16, 1930, was one supported by sufficient consideration to render it . enforceable. The only consideration sought to be proved to

support this oral agreement was the payment of two notes past due under the terms of the original contract, and which the appellees were obligated to pay. The proof in the record shows that, at the time of the making of this alleged oral contract, the appellees had no defense to the two notes which were paid; but, on the contrary, it shows that they were then valid, subsisting, and past-due obligations of the appellees; and payment of these past-due contractual obligations constituted no consideration for the alleged oral contract. Hunt v. Knox, 34 Miss. 655; Bell v. Oates, 97 Miss. 790, 53 So. 491. The evidence offered by the appellees affirmatively shows a lack of consideration for the oral contract upon which they relied in defense of the suit. Consequently, the peremptory instruction requested by the appellant should have been granted, and the judgment of the court below will, therefore, be reversed, and judgment will be entered here for the appellant.

Reversed, and judgment here for the appellant.