## Cox *et al. v.* TIMLAKE.

(Division A. March 26, 1934.)

[153 So. 794. No. 31138.]

**B. F. Worsham**, of Corinth, for appellants.

**W. C. Sweat,** of Corinth, for appellee.

Argued orally by **W. C. Sweat,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree dissolving a preliminary injunction and declining to award the complainants the relief prayed for. The appellants are the complainants, and the appellee is the defendant in the court below, and they will be hereinafter so styled.

The bill alleges, in substance, that one of the complainants executed a deed of trust on property owned by him to the First National Bank of Corinth, Mississippi, to secure certain promissory notes thereunder given by him to the bank, which notes were renewed at maturity over a period of several years; that the last renewals thereof came into the possession and ownership of the defendant, and the trustee in the deed of trust, at the request of the defendant, was proceeding to foreclose it for nonpayment of the notes secured by it; and that the notes are tainted with usury. The prayer of the bill is that the notes be purged of the alleged usury and that the foreclosure of the deed of trust be enjoined until this has been done.

The usury is alleged to have arisen under the following state of facts: The notes on their face were due ninety days after date; but the complainants say that they were in fact not so due and payable, for the reason that, when the first notes were executed, the bank agreed, but not in writing, that they would become due and payable as and when the complainants desired. The notes bore interest at the rate of eight per cent. per annum from date, the highest rate allowed by section 1946, Code 1930. When they were renewed, the accrued interest thereon was paid, and, in calculating this interest, a year was treated as if composed of three hundred sixty days.

The parol agreement as to when the notes were due and payable was excluded by the court; and no error was committed in so doing under the rule which prohibits the adding to or varying a written agreement by prior or contemporaneous oral agreements relating thereto.

Computing interest on the theory that a year consists of three hundred sixty days would present a more serious question were it not for the case of Planters' Bank v. Snodgrass, 4 How. 573, wherein it was expressly held that the proper way to compute interest for fractional parts of a year under the then statute which now appears as section 1946, Code 1930, is to treat the year as being composed of three hundred sixty days. That decision is in accordance with the great weight of authority; and, as the statute has been several times re-enacted since that decision was rendered, it is controlling here.

The bill of complaint did not pray for the sale of the property mortgaged, but only for the purging of the notes of usury. No cross-bill was filed by the defendant. In its decree the court below, after dissolving the injunction and awarding damages therefor, retained jurisdiction of the case "for the purpose of passing on and approving or disapproving, as the court may find proper, the sale of the said property, if and when made by the trustee in the trust deed, and the said C. D. Meeks, trustee, one of the defendants, is hereby ordered and directed to report said sale, if and when made, to this court for confirmation, in vacation, on five days' notice to complainants, or their attorney of record, of the time and place of hearing said motion for confirmation."

The defendant has filed a cross assignment of error to this provision of the decree. The court, after declining to award the complainants the relief prayed for, should have dismissed the bill and discharged the defendant, as neither the bill nor the answer thereto requested a foreclosure of the deed of trust under the superintendence of the court. This erroneous provision of the decree will

be eliminated therefrom, and a decree will be rendered here accordingly.

Reversed, and decree for appellee.