TALLAHATCHIE HOME BANK *v.* ALDRIDGE.

(Division B. April 2, 1934.)

[153 So. 818. No. 31156.]

598

J. J. Breland and Richard Denman, both of Sumner, and W. T. Knox, of Winona, for appellant.

V. D. Rowe, of Winona, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Tallahatchie Home Bank filed suit against the appellee, C. H. Aldridge, on one of a series of five notes given by Aldridge to the Keystone Cotton Oil Company, a nonresident corporation, for stock of said corporation. The Keystone Cotton Oil Company is a Tennessee corporation, but was operating a cotton oil mill in Mississippi. The notes were payable to bearer, and the stock was attached to the notes when given as collateral security therefor.

The declaration alleged that the Tallahatchie Home Bank was the purchaser, for value, without notice, prior to the maturity of the notes.

The defense was that the notes were given for the stock of a corporation which had not complied with the blue sky law of this state, which transaction was not permissible under the laws of this state. It was alleged that it was the understanding, when the stock was purchased, that the buyer thereof would never be called upon to pay the notes, but that the notes would be paid from the dividends upon the stock.

It appears from the evidence of J. E. Franklin, a witness employed by the Keystone Oil Company to sell its stock, that the scheme was to interest the gin owners in buying the stock, and that out of the profit of crushing the seed the stock would be paid for; and that he was authorized by one Hardy, one of the principal stockholders of the Keystone Cotton Oil Company, to present

this scheme to the gin owners to induce them to buy the stock.

There was nothing in the notes to show that they were given for the purchase of stock, they being ordinary commercial bearer notes, but the stock was attached to the notes as collateral.

It also appears from the record that the charter of the corporation was amended, and the amendment shows that Ned R. Rice, president of the Tallahatchie Home Bank, was an incorporator, he having signed the amendment. This, Rice denied, stating that, although his name appears in typewriting on the certified copy, he is not, in fact, an officer or director of the company.

The representations of Franklin were shown to be authorized to be made by Hardy and show that it was expected that the dividends from the cotton oil company would be sufficient to pay for the stock in the course of five years, and that one note for one-fifth of the value of the stock was payable for each of the five years covered by the series of notes. It is also shown that the dividends for the first year were almost sufficient to pay the note for that year.

Aldridge paid the first three notes. The fourth note was sued on by Ned R. Rice, as owner, who assigned it to the Charleston Bank before maturity, and, when it became due, Rice, as indorser, paid it and brought suit upon it.

It is shown in the testimony of Ned R. Rice and H. H. Womble, one of a committee of the bank to purchase the note from Rice, that the note involved in the case at bar is the fifth note; that the bank had no notice that the note was given for the purchase of stock, being a purchaser before maturity, for value, without any notice. Rice testified that he bought twelve thousand five hundred dollars worth of stock, including the notes given by Aldridge, and he (Rice) knew personally that the notes were given for stock in the Keystone Cotton Oil Company.

Aldridge attempted to show that Rice, as president of the bank, had notice that the notes were given for stock in the corporation, and contends that the notice to Rice given in a telephone conversation, disclosing the representations by Franklin, was prior to the date the note was assigned to the bank.

We have carefully examined this evidence, and we do not think there is sufficient proof to show that notice was ever communicated to the bank. It does not appear in the conversation to which Aldridge testified that the bank was the owner of the notes at that time, or ever had any knowledge of the fact that the notes were given for stock.

It appears that Rice brought suit on the fourth note, and that suit was pending in the circuit court, and the issues had been made up, and it was to be tried at the March, 1930, term of the circuit court; that Aldridge had a conversation with Knox, attorney for Rice, in which Aldridge suggested that there was another note and that the declaration be amended to include it so as to save expense in litigation; that Knox stated he did not know there was another note, but that he would look into it. The April term of the Montgomery county circuit court was pretermitted, and Aldridge claims that, after he received notice that court had been pretermitted, he had another conversation with Knox in which he stated that he had received the other note, which conversation was some days after the maturity of the note here sued on.

It further appears from the testimony of Aldridge that there was some kind of understanding that the declaration filed by Rice would be amended, but this was not done; a separate suit being filed by the appellant here.

This evidence does not tend to show, in our opinion, that Rice held the present note, and it does not contradict the evidence of Womble and Rice that the bank was the purchaser, for value, without notice, before maturity.

However, for the fifth note upon which suit was entered in the name of the Tallahatchie Home Bank, a new note was given, payable at a future date.

The court submitted the question to the jury, which found for the defendant, Aldridge.

At the time the new note was given the case of Riddell v. Tallahatchie Home Bank, 160 Miss. 141, 133 So. 128, had been decided. Therein we held that a purchaser, in good faith, of notes, before maturity, without notice, was protected by the Negotiable Instrument Law, although they were given for the purchase of stock of a corporation which had not complied with the Blue Sky Law of Mississippi. That case involved a note given by Riddell for stock of the Keystone Cotton Oil Company, which note was purchased by the bank without notice, before maturity. We think that case is controlling here. The loan committee of the bank purchased the note involved in the case at bar, said committee being composed of H. H. Womble, C. E. Anderson, and Jake Weinstein, and the notes were sold to the bank by Ned R. Rice, president of the bank, who did not give notice to the bank as to what the security of the notes was, or that they were for the purchase of stock.

We have held in several cases that, where the president or other officer of a corporation deals adversely with the corporation in any transaction, notice to the president is not notice to the corporation whatever the corporation may be. See the cases of Cooper v. Robertson Inv. Co., 117 Miss. 108, 77 So. 953; Riddell v. Tallahatchie Home Bank, supra; First National Bank v. C. W. Leeton & Bro., 131 Miss. 324, 95 So. 445, 448; Scott County Milling Co. v. Powers, 112 Miss. 798, 73 So. 792. See, also, National Bank v. Feeney, 9 S. D. 550, 70 N. W. 874, 46 L. R. A. 732, and Brannan on Negotiable Instruments, pp. 382, 383, 430-432.

We do not think there was sufficient evidence to show that the bank purchased the notes with notice, or to overturn the evidence of Ned R. Rice and H. H. Womble.

We are further of the opinion that the giving of a new note, under the circumstances shown in this record, constituted a sufficient consideration, and would support the plaintiff's right of action in this case.

It must be remembered that the issues were made up. There was a genuine controversy, and, at least, a doubtful case for the defendant in the suit then pending on the original note filed. Where a party has full knowledge of all defenses to a note, and executes a new note payable at a future date, he then waives all his defenses and becomes obligated to pay the new note. J. B. Colt Co. v. Kelly, 142 Miss. 617, 107 So. 757; Brewer v. Auto. Sales Co., 147 Miss. 603, 111 So. 578; J. B. Colt Co. v. Speight (Miss.), 120 So. 216; Memphis Automatic Music Co. v. Chadwick, 164 Miss. 635, 146 So. 137. See, also, 8 C. J., sec. 858, and R. L. Parsons Lbr. & Mfg. Co. v. Farrior, 225 Ala. 61, 141 So. 696.

We are therefore of the opinion that the court below erred in submitting this case to a jury, but should have granted a peremptory instruction for the plaintiff. The judgment will be reversed and judgment entered here for the plaintiff for the amount of the notes, with interest and attorney's fees as shown on the face thereof.

Reversed and rendered.