### McArthur *et al. v.* Fillingame.

(Division A. March 6, 1939.)

[186 So. 828. No. 33613.]

**M. M. Bush** and **E. C. Fishel,** both of Hattiesburg, for appellants.

**C. C. Smith**, of Richton, and **H. D. Young**, of New Augusta, for appellee.

Griffith, J., delivered the opinion of the court.

On August 31, 1935, appellee purchased from appellants a secondhand Ford automobile, 1933 model, and executed, as evidencing the purchase price, a conditional sales credit contract for $526.56, payable in monthly installments. On December 11, 1935, appellee renewed this contract for $593.56, and again on July 31, 1936, for $669; and as additional security for that amount, to-wit $669, appellee gave on the date last mentioned, and as a part of the renewal, a deed of trust on some livestock. The increased amount in these renewals represented repairs or replacements made since the original purchase, together with interest and insurance after crediting such small payments, if any, as had theretofore been made.

Appellee kept and used the car until May, 1938, when it was repossessed by the sellers under the conditional contract, and was sold at public outcry for $75. Thereafter appellants instituted this action in debt against appellee, claiming a balance under the last renewal con-

tract of $229 principal, with interest and attorney's fees, as stipulated in the contract.

Appellee interposed the defenses (1) of payment, and (2) that appellants at the time of the original sale had represented the automobile as having been thoroughly overhauled and rebuilt so as to put it in perfect mechanical condition, which representations were relied on by appellee, but which were in fact untrue. The issues were submitted to a jury and there was a verdict for the defendant.

It is not necessary to examine, with any particularity, into the facts respecting the alleged representations at the time of the original sale, for the reason that between that time and the date of the last renewal, appellee had acquired full knowledge of all the facts which had any relation to the misrepresentations that he now charges against appellants; and the rule is that a renewal of the contract after such knowledge is a waiver of the defense which, on the ground of misrepresentation or the like, might have been made to the original contract. By the renewal, the original contract is superseded and the new contract becomes the subsisting obligation between the parties. Brewer v. Automobile Sales Co., 147 Miss. 603, 111 So. 578; Memphis Automatic Music Co. v. Chadwick, 164 Miss. 635, 146 So. 137; Cherokee Mills v. Conner, 164 Miss. 704, 145 So. 735; Tallahatchie Home Bank v. Aldridge, 169 Miss. 597, 153 So. 818; Gay v. First Nat. Bank, 172 Miss. 681, 160 So. 904.

Appellee says, however, that the above stated rule should not be here applied because appellee was induced to execute the renewal contract by the promises of appellants to make an adjustment of his original complaint. What was said about that, at the time of the last renewal, may be quoted from the testimony of appellee himself: ''I repeatedly asked them to do something about it and they promised me they would. Mr. McArthur promised me he would reimburse me, that is, knock off $125, if I would renew the last contract.''

There are two answers which must be returned to this contention of appellee, and the first is that fraudulent representations upon which a party may predicate any demand for relief must relate to past or presently existing facts, as facts, and cannot consist of promises, except in some cases when a contractual promise is made with the present undisclosed intention of not performing it. See numerous cases cited 26 C. J., pp. 1087, 1088, and Mississippi Power Co. v. Bennett, 173 Miss. 109, 129, 161 So 301. But the mere fact that a promise was broken is not in itself sufficient proof that the promisor so intended at the time made, for this would be, in practical effect, to convert the exception into the general rule. Mid-Continent Life Insurance Co. v. Pendleton (Tex. Civ. App.), 202 S. W. 769, 771, and authorities therein cited. There was no misrepresentation of facts at the time of the renewal of the contract, but at most a promise in respect to it.

In the second place, the promise which is alleged to have been made at the time of the last renewal of the debt was to the effect that $125 would be deducted therefrom or credited thereon. If that was the understanding, the proper time to make that reduction or credit was when the renewal papers were executed, then and there deducting the $125 from the $669, or else by inserting in the writing a stipulation that it would be done; but nothing of this nature appears in the written renewal contract. The recital in the renewal contract as to the amount of the debt was as completely contractual in its nature as is the amount of the debt recited in a promissory note, which under established rules cannot be varied or contradicted by parol or extrinsic evidence. The rule that parol evidence is not admissible to vary the terms of such an instrument was declared as far back as Cole v. Hundley, 8 Smedes & M. 473, 16 Miss. 473, and has never been departed from in this State. See, for instance, Allen v. Grenada Bank, 155 Miss. 91, 101, 124 So. 69; Cox v. Timlake, 169 Miss. 568, 573, 153 So. 794, and

the cases cited 22 C. J., pp. 1089, 1090. Parol evidence may be admitted to avoid a contract in toto, as for fraud and the like, at the time of the execution thereof, but not to vary its terms so that it may stand in part as written, and go down as to other parts. Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 162, 125 So. 708.

The plaintiffs, appellants here, were entitled therefore to a peremptory charge that they recover the said principal sum of $669 plus interest, etc., less any sum or sums paid by defendant on said debt since the last renewal, this sum or sums to include the $75 for which the automobile was sold after its repossession. We cannot definitely tell from this record exactly what these credits should be, so as to render judgment here. The defendant said in one part of his testimony, and when speaking in specific terms, that the total amount paid by him, including the repossession sale of $75, was $469.13; but at another point in his testimony it would appear that he contended that he was entitled to an additional credit, for a check of $164.14,—which when added to the $469.13, would still not be sufficient. He said also, in general terms, that he had paid the whole debt; but it is evident from the entire record that he arrived at this conclusion by taking into consideration the $125 heretofore discussed, and disposed of adversely to him.

The cause will have to be remanded for a new trial on the issue of payments made since the renewal of July 31, 1936, as to which payments the defendant, appellee here, will have, of course, the burden of the proof. Georgetown Mercantile Co. v. Steen, 155 Miss. 719, 125 So. 120.

Reversed and remanded.