## WILLIAM FARRIS *vs.* JOHN WARE.

*Assumpsit—when maintainable.   Contract—rescission  of for fault of defendant.*

Where the fraudulent representations of the seller of property, whereby the purchaser was induced to buy, were such as give the latter the right to rescind, and he does rescind the sale and surrender possession to the vender, the law implies a promise, on the part of the seller, to pay the purchaser for labor and materials in making reasonable repairs upon the property.

Thus the defendant fraudulently represented the water-power connected with his tannery, to be sufficient to work it continuously throughout the year, and the plaintiff, having no knowledge of the premises and relying upon the representations, was thereby induced to purchase the tannery, and thereupon, after taking a bond thereof and giving his notes for the price, the plaintiff entered into possession, and, under the advice of the defendant, expended large sums in repairs; but the water failing, the plaintiff abandoned the property and notified the defendant that he considered the contract of purchase rescinded, whereupon the defendant took possession of the premises, and had the benefit of the repairs. In assumpsit to recover for the labor and materials in making the repairs. *Held*, that the action was maintainable.

Also *held*, that a surrender of the bond was not essential to a rescision of the contract.

ON EXCEPTIONS.

ASSUMPSIT to recover for the labor and  materials, amounting to $1,599.28, expended by the plaintiff in repairing the ' Ware  Tannery ' in Athens in  this  State.   The writ was dated Aug. 30, 1869, and contained a special count, count on an account annexed, count for money laid out and expended, and a count for  labor  and materials furnished.

Plea general issue.

The plaintiff introduced a bond dated May 4, 1869, in the penal sum  of $9,000, given by  the  defendant to the plaintiff, obligating himself to  convey to  the  plaintiff the ' Ware Tannery ' and certain land-rights, water-rights, and privileges therein described, upon the plaintiff's paying to the defendant eight promissory notes, given by the plaintiff to  the  defendant, according  to  their  tenor,

amounting to the sum of $4,500, and performing certain other stipulations mentioned but not necessary to the decision of this case.

The plaintiff offered to prove the facts recited in the opinion. The defendant objected to the introduction of the testimony offered, contending that the proof would not authorize a recovery in this action, but that the action should have been an action on the case for deceit, and the presiding judge sustained the objection and excluded the proposed evidence and ordered a nonsuit; whereupon the plaintiff alleged exceptions.

*J. J. Perry*, for the plaintiff.

*W. P. Frye & J. B. Cotton*, for the defendant.

WALTON, J. The plaintiff was nonsuited at *nisi prius* upon the ground that the facts which he offered to prove, though sufficient to maintain an action on the case for deceit, were not sufficient to support an action of assumpsit.

The plaintiff's case, as he offered to prove it, is substantially this: He says that the defendant was possessed of a tannery which he was anxious to sell to him; that to induce him to buy it, the defendant represented that the water-power connected with it was sufficient to work it continuously throughout the year; that having no knowledge of the capacity of the water-power himself, he was obliged to rely, and did, in fact, rely, upon the statements of the defendant; that he was thereby induced to enter into a contract for the purchase of the tannery; that he took a bond of it, and gave his notes for the price; that he entered into possession of the tannery, and under the advice of the defendant, expended nearly sixteen hundred dollars in repairs and improvements upon it; that when summer came there was no water to operate it; that he then discovered that what the defendant had told him was false, and that the defendant knew the statements were false when he made them; that, thereupon, he abandoned the property, and notified the defendant that he should consider the contract for its purchase

rescinded; that the defendant then took possession of the tannery, and had the benefit of the repairs and improvements.

Such in substance is the plaintiff's case, as he offers to prove it. Whether he can, in fact, make out such a case against the defendant is not now the question. The only question before us is whether, upon such a state of facts, if proved, an action of assumpsit can be maintained. We think it can. It was so held in *Wright* v. *Haskell*, 45 Maine, 489.

In that case the court held, that where the plaintiff had contracted for the purchase of a house, which he put in repair, with the defendant's knowledge, and without objection from him, and the contract was afterwards abandoned by the plaintiff, for the fault of the defendant, he might recover in an action of assumpsit, upon the common counts, not only for labor which he had performed in part-payment for the house, but also for the repairs made upon it. The decision rests upon the principle, that where the conduct of the seller is such as to give the purchaser a right to consider the contract as rescinded, the law implies a promise on the part of the seller, to pay the purchaser for his labor and materials in making repairs upon the property. The court say this principle is well sustained by authority, and is not inequitable, as the seller has the benefit of the repairs. See also, to the same effect, *Canada* v. *Canada*, 6 Cush, 15, and authorities there cited.

In this case the plaintiff offered to prove, that, on account of the defendant's fraud, he had a right to rescind the contract for the sale of the tannery, and that he exercised the right, and informed the defendant that he should treat the contract as rescinded. He also offered to prove that he had restored to the defendant the possession of the tannery. This was all that the law required him to do in order to rescind the contract. He was not obliged to surrender his bond, which was the evidence of his contract, and might be useful to him in case of litigation. He offers to prove that he restored all the property which he received under the contract, and that the defendant took possession of it, and thus had the benefit of the repairs and improvements which had been put upon it. We

think this was all which the law required of the plaintiff in order to rescind the contract. And the contract being rescinded for the fault of the defendant, the law seems to be well settled that the plaintiff may recover for those repairs and improvements in an action of assumpsit. *Exceptions sustained.*

*New trial granted.*

APPLETON, C. J.; CUTTING, DICKERSON, and DANFORTH, JJ., concurred.