WILLIAM H. ORMOND *v.* WILLIAM HENDERSON.

1. SALES.  *Acts of consignee.  Liability.*

> One to whom goods have been consigned in excess of his order, becomes liable for the entire shipment on taking and using the quantity ordered, and delivering the bill of lading for the balance to a supposed agent of the seller.

2. SAME.  *Duty of consignee.  Mistake.  Notice to consignor.*

> A consignee must accept or reject the whole of a consignment of goods, and, in the latter case, is required to notify the seller of any mistake made, and that the goods are subject to his order.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

Henderson, the appellee, was the plaintiff in the court below; Ormond, appellant, was defendant there.  The facts are fully stated in the opinion of the court.

*Watts & Everett,* for appellant.

The declaration counts only upon a sale, and there is no proof that Henderson ever sold the fifteen barrels of sugar to Ormond.  The variance is fatal, and demends a reversal. *Chism* v. *Alcorn,* 71 Miss., 506.

*W. R. Woods, A. J. Russell,* and *W. T. Houston,* for appellee.

Ormond, upon receipt of the bill of lading, should have accepted all or rejected all.  If he rejected the shipment, Ormond should have notified Henderson.  He did not reject, but accepted the whole; he dealt with the fifteen barrels, which were not carried to his store, as if they were his property.  He is now estopped, and must pay for them.

Argued orally by *A. J. Russell,* for appellee.

TERRAL, J., delivered the opinion of the court.

Wm. Henderson, a merchant of New Orleans, La., sued Ormond, in the circuit court of Lauderdale county, for $230.98, a balance due of the purchase price of twenty-five barrels of granulated sugar, shipped to him November 18, 1895.

It appeared in evidence that Ormond, at Meridian, Miss., agreed to buy of Hester, a broker at that place, ten barrels of sugar, supposing that Hester had the sugar in hand. Hester having no sugar, and being unable to buy of Henderson on his own account, wired Henderson to ship Ormond twenty-five barrels of sugar, at the lowest market price. Henderson at once shipped the twenty-five barrels of sugar to Ormond, sent him an invoice of the purchase, and a bill of lading of the same. Ormond frankly states that when he got the invoice and bill of lading, he saw that Hester had no sugar, and that the twenty-five barrels of sugar sent by Henderson were intended as a sale from Henderson to him, but as he wanted only ten barrels, he received in his store only ten barrels, and turned over the bill of lading for the remaining fifteen barrels to Hester, to be disposed of by him, supposing Hester to be Henderson's agent. In such supposition Ormond was mistaken. When the debt fell due, Ormond, being drawn upon for the purchase price of the twenty-five barrels of sugar, remitted Henderson for the ten barrels actually used, and as to the price of the fifteen barrels turned over by him to Hester, he set up the above recited facts as a defense. The court, however, directed a verdict for the plaintiff.

When Ormond learned of the mistake made by Henderson in shipping to him the twenty-five barrels of sugar, which he states he did learn when he received the account of the sale and the bill of lading, it was competent for him to refuse to accept the sugar, but he could not accept a part, and reject a part, without Henderson's consent.

Where a mistake is made in reference to the quantity of goods, the buyer must accept all, or refuse to accept any, and

---

---

give the seller notice of the mistake, and that the goods are subject to his order. He cannot deal with the goods as his own, as Ormond certainly did in this case, without rendering himself liable for the purchase price. Benjamin on Sales, 160.

> *The judgment is affirmed.*