KANSON HAT & CAP MFG. CO. *v.* J. D. BLAKENEY & SON.[*]

(Division A. April 26, 1926.)

[108 So. 139. No. 25646.]

1. SALES. *Purchaser, discovering after acceptance that goods are not as warranted, may rescind by returning or offering to return goods within reasonable time after such discovery.*

   Where purchaser, after accepting goods, finds they are not of character or quality warranted, he may rescind contract by returning or offering to return goods within reasonable time after discovery of defects.

2. EVIDENCE. *Contents of letter claimed to have been written by buyer to seller, as to inferior quality of goods, held incompetent in action on account, where no notice was served on seller to produce original, and testimony did not show that letter had been mailed.*

   In suit to recover on open account, contents of letter, which buyer claimed he wrote to seller relative to inferior quality of goods, *held* incompetent, where there was no notice served on seller to produce original, nor any testimony showing that letter had been mailed to seller postage prepaid.

3. Sales.
   Offer to return part of shipment of goods is not sufficient to effect rescission of contract of sale.

4. Sales.  *Seller held entitled to peremptory instruction, where buyer admitted ordering and receiving goods, and, although claiming inferior quality, had offered to return only portion of goods.*
   Seller suing on open account *held* entitled to peremptory instruction, where buyer admitted ordering and receiving goods, but sought rescission of contract because of inferior grade, where buyer had offered to return only portion of goods.

---

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 1043, n. 46; p. 1059, n. 69. Sales, 35Cyc, p. 142, n. 76; p. 146, n. 13; p. 147, n. 16; p. 149, n. 27; p. 151; n. 43; p. 435, n. 56; p. 437, n. 60; p. 439, n. 70, 72; p. 575, n. 93; Reasonable time within which to return goods on rescission of contract, see note in 36 L.R.A. (N.S.) 474; 24 R.C.L., pp. 291, 292; 3 R.C.L. Supp., p. 1396.

Appeal from circuit court of Smith county.

Hon. W. L. Cranford, Judge.

Suit by the Kanson Hat & Cap Manufacturing Company against J. D. Blakeney & Son. Judgment for defendant, after appeal by plaintiff from a dismissal of the suit in justice court, and plaintiff appeals. Reversed and judgment rendered.

*Welch & Cooper,* for appellant.

I.  *Appellee bases his defense on a rescission.* He is not seeking to recoup in damages. We submit that appellant was entitled to a peremptory instruction.

A.  In the first place appellee's right to rescission is based entirely on the shipping of too many hats and the quality of the hats. Appellee saw at once that he had received more hats than he ordered. However, he attempted to, and did, sell some. Then when they came back he looked at all of them. For the first time, after the return of the hats, he offered to ship them back to appellant.

Appellee actually sold the hats and thus exercised a dominion over them. This action is inconsistent with rescission. While appellee says he crated them, his witnesses swear that when he exhibited these hats and caps in 1925, two years after the purchase, they were on the shelves and in boxes. This shows that they were for sale and this means an exercise of dominion over them, a fact which defeats rescission under the holding in *Colt Co.* v. *Mazingo,* 106 So. 533.

B. The evidence shows without dispute that appellee had sold four of these hats prior to the notice of rescission. ' Appellee, therefore, could not tender, or make the offer thereof, the whole shipment. What effect does this have on the rescission? See *Brown* v. *Norman,* 65 Miss. 369, 4 So. 293.

This court recognizes exceptions such as there being no value to the article, or the vendor by fraud making it impossible, or where by reasonable use the property is diminished. None of these exceptions is material here. See *Ware* v. *Houghton,* 41 Miss. 370.

We do not find the doctrine anywhere stated that the purchaser can in any case, or under any circumstances, rescind the contract without a return of the property or an offer to return it. The very idea of rescinding a contract implies that what has been parted with shall be restored on both sides. *Burnett* v. *Stanton,* 2 Ala. 181; *Continental Jewelry Co.* v. *Pugh,* 168 Ala. 295, 53 So. 324; *Perley* v. *Balch,* 23 Pic. (Mass.) 283; *Harding* v. *Mills,* 142 Fed. 228; *Lyon* v. *Bertram,* 20 How. 149, 15 L. Ed. 847; *Shoe Co.* v. *Prince,* 51 W. Va. 510, 41 S. E. 907; *Bank* v. *Powles,* 33 Wash. 21, 73 Pac. 887; *Masson* v. *Bovet,* v *Den.* (N. Y.) 69.

Appellee says that they did not come up to sample. He knew it at first. As to the holes, he certainly could have seen them in the sales made.

Appellee decided he would try to sell them. He did not and now he seeks to throw the burden on the appellant. These hats are bound to be of some value. They may

not have been of the value that appellee thought. But he cannot rescind. He should have recouped as stated in the Mazingo case.

C.   Appellee says he paid the freight. This makes the delivery to appellee delivery when made to carrier. Shipment was made at Cincinnati, Ohio.

We submit that it was the appellee's duty to deliver, or offer to deliver, the goods at Cincinnati. It was appellee's duty to put them there. Appellee's offer was conditioned upon their paying express charges. *Young* v. *Arntze,* 5 So. 253; *Mundt* v. *Simpkins,* 81 Neb. — , 115 N. W. 325.

II.   *The court permitted appellee, over the objection of appellant, to prove the contents of a letter.* The record does not show any notice to appellant to produce the letter. The court in defiance of one of the most elementary rules of evidence permitted appellee to testify *ad libitum* to the contents.

Ordinarily the admission of evidence of this character does not hurt. But here through this evidence appellee was permitted to show the material thing in his defense, the rescission. And it was shown by incompetent evidence. On a question so elementary authority is not required.

*Homer Currie,* for appellee.

The court below committed no error in refusing the appellant a peremptory instruction. Appellee says that it is true that he was shipped more hats and caps than he ordered, but he received no greater number than was invoiced and charged to him, and no more than he would have had to have paid for if they had been of the quality as warranted to him.

The undisputed testimony of appellee shows that he did not, until about two weeks after receiving these hats and caps, discover that they were of an inferior grade and quality, and then not until he had sold a number of them to his customers and when they had immediately

returned the hats and caps to appellee, at which time he discovered that the hats and caps were of inferior quality, even being filled with holes and thin and rough places. What more could have been required of this appellee under the law? See *Colt & Co.* v. *Mazingo,* 106 So. 533.

In the case at bar appellee on discovery that the goods were not of the character and quality warranted recrated same, notified seller, offering to return the goods, which was done within a reasonable time after such discovery, and such goods were never at any time thereafter appropriated by the purchaser to his own use; but, on the other hand, the said goods are still crated, awaiting and subject to the order and instruction of the seller.

It is true that appellee says that he had sold four of these hats; but it is also true that he said they were returned to him; and it was upon the return of the hats that he first made the discovery of the inferior grade and quality of same. When he gave to the company, appellant here, notice of rescission, stating that he had the goods there subject to their order and instruction, certainly he was in a position to make full and complete tender of all goods received by him, and a full and complete offer to return to the seller all of the said goods. This, in my judgment, was a full and complete compliance with every known law and holding of our courts in cases of this kind, and more particularly in *Brown* v. *Norman,* 65 Miss. 369, 4 So. 293; and *Ware* v. *Houghton,* 41 Miss. 370, which have been cited by appellant. It appears to me that the cases just referred to and those cited elsewhere by appellant are strongly in line with the contention of the appellee in the case at bar, after considering all the testimony in the case.

Appellee submits that it was sufficient and in compliance with the law in such cases that he offered to redeliver to the seller the said goods at his place of business in the town of Taylorsville, just as he did in this case. The place of delivery to him was in the town of Taylorsville, Mississippi, his place of business. Does

the mere fact that appellee's paying the freight so connect this transaction as to mean that delivery was made at Cincinnati, Ohio? I maintain that it does not.

This appellant, plaintiff in the court below, is a nonresident corporation with their principal place of business in the city of Cincinnati, Ohio, which is without the jurisdiction of the trial court, and which would have rendered it almost impossible to have obtained the letters spoken of by process of the court; hence, the admissibility of this testimony. Ordinarily, of course, it is not permissible for a witness to testify to the contents of a written instrument unless it is shown that same has been lost or destroyed and cannot be had; but in this case it seems that the evidence in this connection is entirely competent, since it involved only the proposition of notice.

This case should be affirmed.

McGOWEN, J., delivered the opinion of the court.

This suit was filed on an open account for one hundred thirty-four dollars and fifty cents by the Kanson Hat & Cap Manufacturing Company against J. D. Blakeney & Son before J. C. Stephens, a justice of the peace. The justice of the peace dismissing the case, an appeal was prosecuted by the plaintiff to the circuit court, where the issue was tried, submitted to the jury, resulting in a verdict for the defendant, and the plaintiff in the court below prosecutes this appeal.

On the trial the plaintiff introduced J. D. Blakeney, the defendant, as a witness, and he acknowledged receipt of the goods invoiced and said he had not paid for same. His defense was that more hats and caps were shipped to him than he had ordered, and that the goods were not of the grade and quality which had been purchased by him, and that he was entitled to a rescission of the contract. We copy these excerpts from the testimony:

"Q. You have on hand now those you have not sold? A. I have all of the caps on hand, and I have all the hats but four."

On cross-examination these questions were asked:

"Q. Where are the four hats? A. I let three parties have a hat apiece, and one of them came back on me about it, and I let him have another hat for his money. He brought it back in less than a week, and the other two came back in less than two weeks. All the rest of the hats and caps are there.

"Q. You say the four hats you sold to your customers were returned to you? A. Yes, sir.

"Q. And you returned the money? A. Yes, sir; I returned their money."

It will be seen from this testimony that there was no effort to account for one of the hats, nor really is it explained why Blakeney was able to offer to return all the hats except four.

The court permitted the defendant to show the contents of a letter which he said he wrote to the hat company immediately after the hats were returned as above, this over the objection of the plaintiff, who objected for the reason that the letter would be the best evidence. There was no notice served on the plaintiff to produce the letter or otherwise to make competent the contents of the written letter, nor was there any testimony showing that the letter in question had been mailed postage prepaid addressed to the plaintiff.

It is settled in this state that where the purchaser, after accepting goods, finds they are not of the character or quality warranted and that the warranty has been breached, he may rescind the contract by returning or offering to return the goods to the seller, but this offer to return the goods in order to constitute a rescission of the contract must be made in a reasonable time after the discovery by the purchaser of the defects therein, "and, if such offer is declined by the seller the goods must not thereafter be appropriated by the purchaser to his own use." *J. B. Colt Co.* v. *Mazingo* (Miss.), 106 So. 533.

Mr. Blakeney testified in this case that he offered to return all of the hats but four and did not have those

four hats on hand at the date of the trial according to his testimony.

In *Brown* v. *Norman,* 4 So. 293, 65 Miss. 369, 7 Am. St. Rep. 663, the rule is well stated which is applicable to this case by Chief Justice COOPER speaking for the court: "In decisions in actions at law arising from attempted rescissions of contracts for the sale or exchange of personal property, the language of the courts is almost uniform in declaring that the defrauded party, in order to maintain his suit, must have restored or tendered to restore whatever was received by him under the contract, because of the principle that the contract must be rescinded *in toto* if at all, the plaintiff not being permitted to retain a benefit under an indivisible contract which he repudiates. But even in actions at law there are exceptions to the rule. If the thing received by the defrauded party be of no value (*Fitz* v. *Bynum,* 55 Cal. 459), or if by reason of the act of the fraudulent party a return be rendered impossible (*Masson* v. *Bovet,* 1 Denio [N. Y.] 69, 43 Am. Dec. [651] and notes; *Hammond* v. *Pennock,* 61 N. Y. 145), a return or tender is unnecessary.

"So, also, where by natural causes or reasonable use the value of the property is diminished, and perhaps where it is necessarily destroyed in discovering the fraud, the fraudulent party must receive it in its depreciated condition. *Baker* v. *Lever,* 67 N. Y. 304 [23 Am. Rep. 117]; *Gatling* v. *Newell,* 9 Ind. (Tanner), 574.

"And, if the *bona-fide* buyer has expended work, money or material in the improvement of the property before discovering the fraud, he may restore the property and recover for the work and labor, money or material put upon it. *Farris* v. *Ware,* 60 Me. 482."

In the case before us there is no effort to apply the exceptions, neither is there an effort to show that the goods received by Blakeney were without value or were of less value, and no effort to diminish the claim by way of recoupment by the difference in value.

We can see no difference in retaining the four hats, or not being able to return four hats, and retaining any

number. It is clear that the evidence as to the contents of the letter was incompetent, so that this record with that evidence excluded shows no defense to the action, because no competent proof is in the record showing an offer to return all the goods within a reasonable time. The offer to return a part of a shipment of goods is not sufficient to effect a rescission of the contract. See *Brown* v. *Norman*, 4 So. 293, 65 Miss. 369, 7 Am. St. Rep. 663; *Ware* v. *Houghton*, 41 Miss. 370, 93 Am. Dec. 258; *Continental Jewelry Co.* v. *Pugh Bros.*, 53 So. 324, 168 Ala. 295, Ann. Cas. 1912A, 657.

The court should have granted the peremptory instruction asked for by the plaintiff for the reasons indicated above, and the judgment will be entered here in favor of the plaintiff for one hundred thirty-four dollars and fifty cents with six per cent. interest from January 4, 1924.

*Reversed, and judgment here for appellant.*