S. P. NELSON & SONS *v.* WILKINS & PARKS.*

(Division B.   Oct. 22, 1928.)

[118 So. 436.   No. 27303.]

*Corpus Juris-Cyc References: Sales, 35Cyc, p. 261, n. 76.

*Loving & Loving,* for appellants.

*Dorroh & Strong,* for appellees.

494

*Loving & Loving,* in reply for appellants.

PACK, J. Appellants, S. P. Nelson & Sons, instituted suit against appellees, Wilkins & Parks, in a justice of the peace court, for one hundred and twenty-two dollars, based upon a shipment of hats alleged to have been purchased by appellees from appellants.

On appeal to the circuit court, there was a directed verdict in favor of appellants for the sum of fifteen dollars only, from which judgment they prosecute this appeal.

It appears that appellees operate a store in Noxubee county, Mississippi. M. A. Parks, the buyer, while on a trip to St. Louis, placed an order for the hats with the traveling salesman of appellants. The sale was made from samples; the hats to be thereafter shipped from Cincinnati. The customary order blank was made up and sent to

Cincinnati to be filled, and it was upon this order that the hats were shipped. The order was not signed by either of the parties. Upon the arrival of the goods the appellees opened them up, took out one dozen of one variety, and one-sixth of a dozen of another variety, and then shipped all the remainder to the appellants, offering to pay for the hats retained, and declining to accept, or to pay for, the other hats. Appellants declined to accept the hats returned; hence this suit.

Appellees defended upon the ground that the appellants' representative agreed to place a different lining in the hats, and, failing to do so, the hats did not measure up to the quality of hats they were supposed to get.

At the conclusion of the testimony, the appellants' motion for a directed verdict was overruled.

The written order did not contain the stipulations insisted on by the appellees.

We think the narrow question for decision is: Did appellees have the right to retain a part and reject a part of the shipment of hats? In *Kanson Hat & Cap Mfg. Co. v. Blakeney,* 142 Miss. 851, 108 So. 139, Justice McGowen, speaking for the court, said that one of the defenses relied on was "that the goods were not of the grade and quality which had been purchased by him [the purchaser], and that he was entitled to a rescission of the contract." In that case the purchaser accepted four hats, and attempted to or offered to, return the others. This court held, in that case, there was no rescission, and that the purchaser was liable for the entire lot.

We do not think the law permitted the appellees, after the hats had been delivered to them, to select a portion thereof, retain them, and reject the others.

Upon discovery of the alleged breach of contract of sale, assuming, but not deciding, there was such a breach as would entitle the purchaser to a rescission, he was required to reject all in order to effect a rescission. He

could not accept a part and reject a part without making himself liable for the entire lot. *Ormond* v. *Henderson,* 77 Miss. 34, 24 So. 170; *Rubenstein* v. *Millinery Co.,* 109 Miss. 829, 69 So. 688.

We hold that the appellants were entitled to a directed verdict for the amount sued for, and it follows that the judgment of the court below will be reversed, and final judgment rendered here for the appellants.

Reversed and judgment here for appellants.

*Reversed.*

