HYTKEN BROS. *v.* INTERNATIONAL DRESS CO.

(Division B. Nov. 25, 1929.)

[124 So. 653. No. 28192.]

470

Somerville & Somerville, of Cleveland, and **Howorth & Howorth**, of Jackson, for appellant.

**W. W. Simmons**, of Cleveland, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Hytken Bros. are merchants conducting a department store at Cleveland, Miss., and one of them went to the city of New York, where the International Dress Company, a wholesale establishment, does business, and selected twenty dresses on exhibition in the store at the price of sixteen dollars and fifty cents each. These dresses were all selected during the same transaction and were piled together by Mr. Hytken and the salesman, and the bill made out for them as one transaction, and the goods were turned over to another employee for wrapping and shipping to Cleveland, Miss. They were shipped by express, and on reaching Cleveland were taken out of the express office, opened up, and examined. Hytken Bros. accepted two of the dresses and returned the other eighteen to the express office, claiming that they were not the identical patterns selected by the buyer.

When the shipment was returned to New York the seller declined to receive it on the ground that the buyer could not take part and return part; he must either accept the shipment as a whole or refuse it as a whole.

Therefore, they brought suit against the Hytken Bros. for the amount of the bill so sold.

It was contended by the Mr. Hytken, who did the buying, that each selection was a separate transaction; that each of the articles had a separate and special price, and that the goods he selected had not been shipped, and that he had told the salesman at the time of the purchase that if they were substituted upon him he would not take them, but would ship them back to the company. A succinct statement of the testimony of the said Mr. Hytken on this proposition is contained in one answer: "Q. Did you give them the privilege of sending you something else other than what you selected? A. No, sir; just before I left, I told them positively, Don't switch those dresses, if you do, it comes right back. So one of the men says Mr. Hytken, there are trains running both ways, and if you don't get the dresses that you selected, return them, which I did. They sent me dresses which I didn't buy, and I returned them."

While it is permissible for parties to make a contract for the return of separate articles in purchasing a bill of goods, yet the intention must be clear that both parties understood the transaction at the time to contain this privilege. The ordinary rule is that the purchase of a bill of goods at one time and in one transaction, although different articles are priced at different prices or at the same price, is one transaction and not a several transaction. We have so held in a number of previous decisions, Nelson v. Wilkins, 151 Miss. 492, 118 So. 436; Kanson Hat & Cap Mfg. Co. v. Blakeney, 142 Miss. 851, 108 So. 139; Ormond v. Henderson, 77 Miss. 34, 24 So. 170; Rubenstein v. Grossman, 109 Miss. 819, 69 So. 688; Hutchins v. Smith-Harrison & Co., 106 Miss. 852, 64 So. 789.

We think the transaction, as viewed from the appellant's testimony, does not make the case a separable con-

tract, but that the language used as given in the above quotation carried to the mind of the seller the proposition that if there was a substitution, or if the identical goods were not shipped, that the entire shipment would be returned. It must be remembered that the record in this case showed that the appellees were wholesalers, and that the buyer was a merchant buying at wholesale for his trade, and that the transaction was made as a transaction at wholesale. We are therefore of the opinion that the court below was correct in giving the peremptory instruction for the plaintiff, and the judgment is affirmed.

Affirmed.