HYTKEN BROTHERS *v.* HANOVER CHILDREN'S WEAR CO., INC.

(Division B. Nov. 25, 1929.)

[124 So. 654. No. 28193.]

**Somerville & Somerville**, of Cleveland, and **Howorth & Howorth**, of Jackson, for appellant.

**W. W. Simmons**, of Cleveland, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Hytken Bros., merchants at Cleveland, Miss., ordered a bill of goods from the Hanover Children's Wear Company through a traveling salesman living in Mississippi. The salesman went to the place of business of the appellants with his samples and order book and took the order of the appellants for certain goods, listing them by lot numbers. These lots contained various numbers of goods, mostly dress goods.

It is the contention of Hytken that when the goods came the colors were duplicated, and that there was an understanding that there would be no duplication of the colors of the different numbers; that is to say, each dress would have a particular color all of its own, so that no two buyers would buy exactly the same dress as far as color and looks were concerned. His reason for this is

that should a negro or some other person buy a dress of a particular color or pattern that the white trade or other persons would not be inclined to buy another of the same color or make.

When the goods arrived the appellants accepted part of them—a small amount—and undertook to return the rest, contending that they did not come up to the samples, and that there were duplications of color in the several lots ordered. The buyer admitted ordering by numbers, and that each lot number contained several, or at least more than one in each instance, of the articles ordered.

The contention of the appellants is that the purchases were separate transactions, and that they could retain, and did retain, some of them such as conformed to their order, and returned those that did not. We think this transaction does not constitute a separable contract. The order was all embraced in one order and constituted one transaction, and, having accepted part of the shipment, the appellants were bound to accept and pay for all of the shipment. Nelson v. Wilkins, 151 Miss. 492, 118 So. 436; Kanson Hat & Cap Mfg. Co. v. Blakeney & Son, 142 Miss. 851, 108 So. 139; Ormond v. Henderson, 77 Miss. 34, 24 So. 170; Rubenstein v. Grossman, 109 Miss. 819, 69 So. 688; Hutchins v. Smith-Harrison & Co., 106 Miss. 852, 64 So. 789. It follows that the court was correct in giving peremptory instruction for the plaintiff, and the judgment of the court below will be affirmed.

Affirmed.