Colossus Co. *v.* D. L. Fair Lumber Co.

(Division B. March 31, 1930.)

[127 So. 300. No. 28412.]

**R. W. Boystun,** of Louisville, for appellant.

**E. M. Livingston,** of Louisville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The D. L. Fair Lumber Company placed an order with the Colossus Company for certain supplies for a saw-mill company, and also a shotgun. The order reads as follows:

Rush 147
Rate—— Salesman C. R. Webb No. 22
No.—— Date 1/7/28
Ship to D. L. Fair Lo. Co. Date——
Street ——
Town. Louisville
State of Mississippi
Term 1 per cent 10 days; 30 days net.
Not subject to countermand. Our responsibility for delivery ends with carrier's receipt.

| No. Items Size Rod No. Ply | Dia. Stuf Box Width Belt | Dept. Stuff Box Length of Belt | Sq. or bev. Reg. W. P. Rub | Size, name and No. U. Machine R. P. M. | Price |
|---|---|---|---|---|---|
| 1 Set 3⅜ | 4 4/8 8 | P. R. Shot Gun | | | $42.04 |
| 4. Sizes | S. | T. Lace 40: Croped 60½ Ft. 90 | | | 54.45 |
| 9½. x | 15 x 1½ | Manhole Gaskets 23 7/16, 38 9/16 | | | 57.84 |
| 12. | 150 | | | | |
| 9½. x | 15 x 1⅜ | Manhole Gaskets 15⅛ | | | |
| 12. N. Yds. | 1/16 | Super rubber Sheet packing 21¾ | | .60 | 13.05 |
| 3. Yds | 1/16 | Rubber sheet packing .37 | | 95 | 35.15 |
| 5. Yds | | Rubber sheet packing | | | |
| 2. Cans | packing paste | | | 50 | 1.00 |
| 1. | | | | | $203.53 |

[Signed] D. L. Fair Lo. Co.

1. Kit No Charge To D. L. Fair
Rush
The Colossus Company Inc and Gulf States Belting & Hose Co Shreveport La.

The declaration was filed upon this order, and an affidavit was made that the account embraced in the order is just and correct within the knowledge of the affiant, and that the items thereon stated were sold and delivered to the D. L. Fair Lumber Company at their special instance and request, that credit has been duly given for all payments and just and lawful offsets to which said account is entitled as thereon state, and that the balance thereof amounting to the sum of two hundred three dollars and fifty-three cents, with interest from February 23, 1928, is justly due and remains unpaid.

The defendants pleaded the general issue, and gave notice under the general issue that on the hearing they would offer evidence to prove, and would prove, in bar of plaintiff's right to recover, that on the 19th day of January, 1928, the plaintiff shipped to the defendant certain merchandise described in the itemized statement of account attached to the declaration, and that said merchandise was received by the defendants; that, when the same was received, the defendants examined the merchandise, and found that it was not the merchandise purchased by them, and that it was not such merchandise as could be used by the defendants, and was not the kind, character, and grade of merchandise purchased by the defendants, and was unsuited for their use, and that defendants on the 26th day of January, 1928, returned to the plaintiff the merchandise, with the exception of the shotgun. The amount of the returned merchandise aggregated one hundred sixty-one dollars and forty-nine cents, which left due the plaintiff forty-two dollars and four cents. It was also stated that the defendants mailed a check to plaintiff for forty-two dollars and four cents covering the balance due on said account,

and that the plaintiff accepted said merchandise when returned by the defendants, and therefore that the defendants do not owe the plaintiff anything whatsoever.

The deposition of J. R. Russell, President of the plaintiff corporation, was taken, and he testified to the receipt of the order as stated in the account attached, and that the goods were shipped to the defendants; that he passed on the signed order when it came to the office, and has handled all correspondence in connection with the sale, and he is acquainted with the details of the said transaction; that the order was filled just as received in the regular course of business; that the company's regular salesman procured the order, and the goods were shipped in accordance with instructions shown in the order, and that the amount due thereunder is two hundred three dollars and fifty-three cents. He further testified that the goods were not sold subject to approval, but the order specifically provides that it is not subject to cancellation, and that the Colossus Company had never consented for the goods to be returned; that the goods were not received by the company as a rescission of the contract, nor did the company give credit to the D. L. Fair Lumber Company for the same, but that the goods were received subject to the order of the D. L. Fair Lumber Company, and stored, and that the goods were still held in storage subject to the instruction of the D. L. Fair Lumber Company.

D. L. Fair of the D. L. Fair Lumber Company, the manager of the said company, testified that he signed the order sued upon, and that the goods were shipped to him; that he examined the supplies and returned part of them; that the part returned amounted to one hundred sixty-one dollars and forty-nine cents; that the goods were not satisfactory, and were not what he ordered; that the price was in excess of what the salesman represented the order would amount to; that the goods were promptly returned after they were taken out and in-

spected; that he signed the order with the understanding that the whole order would amount to not over fifty dollars; and that he signed the order in a hurry on what the salesman told him. He further testified that he could not say that any of the articles in the order were placed there after he signed the order, but that the salesman had told him that it would not amount to more than fifty dollars, and that none of the figures were on the order when he signed it. He testified that he shipped the goods back to the Colossus Company by express; that he sent a check for forty-two dollars and four cents, and the check was not sent back; that he did not have any advice from the express company that the goods were still on hand; and that the Colossus Company never wrote him that they had accepted the goods.

At the conclusion of the testimony, the court granted a peremptory instruction for the defendant. There is no proof as to how the check for the forty-two dollars and four cents was sent, nor is there any proof that it was ever paid by the bank on which it was drawn, nor is there, in the record any proof that in sending the check it was sent in full satisfaction of the amount ordered. It does not appear upon the record that the defendants notified the plaintiff, in writing, of the return of the goods, or gave plaintiff any reason why they were returned. Under the terms of the order, the order was not subject to cancellation. It appears thus from the testimony of the defendants that a portion of the shipment was retained, and the goods or wares ordered were not returned in entirety, on the ground that they did not conform to the order. Having accepted a portion of the shipment, the defendants must be treated as accepting the entire shipment, unless the proof shows that the returned goods were accepted by the plaintiff under such circumstances as to amount to an acceptance of the goods in payment. See Hytken Brothers v. International Dress Company (Miss.), 124 So. 653; Hytken Brothers v. Han-

over Children's Wear Company (Miss.), 124 So. 654, and cases cited in those opinions.

It does not appear from the record that in returning the goods the defendants gave the plaintiff any reason for not accepting them, or any instruction with reference to the goods so returned. Neither is there any proof in the record that the plaintiff, the Colossus Company, notified the defendants on receipt of the goods that they would not accept them, and that their order would not be canceled, nor the goods accepted in payment at their invoice price.

The proof as to the payment by check of the forty-two dollars and four cents is insufficient to show a payment. We think that it was a question for the jury to determine under appropriate instructions whether the goods returned were accepted by the plaintiff in satisfaction of the order pro tanto. But it was not for the judge peremptorily to instruct the jury that the fact constituted in law an acceptance of the goods in satisfaction of the indebtedness represented by their invoice price. The proof in the record is not satisfactorily developed, but it is insufficient to show that the check was cashed or that it was sent with an understanding that it was in full satisfaction of the order; consequently it was error to grant a peremptory instruction for the defendants, and the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.