COLOSSUS CO. *v.* D. L. FAIR LUMBER CO. *et al.*

(Division B.   Oct. 12, 1931.)

[136 So. 919.   No. 29455.]

See, also, 156 Miss. 878, 127 So. 300.

**R. W. Boydstun,** of Louisville, for appellant.

**E. M. Livingston,** of Louisville, for appellees.

Ethridge, P. J., delivered the opinion of the court.

The appellant is a corporation domiciled at Shreveport, Louisiana, and the appellees compose a copartnership doing business at Louisville, Mississippi. On January 19, 1928, a salesman of the appellant took an order from the appellees for certain sawmill supplies and a certain shotgun. When the order was sent in, it was accepted by the president of the appellant company, and the goods were shipped to Louisville, Mississippi, where they were opened, and the gun was retained, and the other goods repacked and reshipped to the seller. Upon the arrival of the goods at Shreveport, the appellant took them and stored them, and instructed its salesman to go to Louisville and see if he could adjust the matter. The appellant's president testified that experience showed this was a more successful way of dealing with certain matters. The salesman called upon the appellees, but failed to adjust the matter, and so reported to the appellant. Thereupon the appellant wrote the appellees a letter seeking to induce them to accept the shipment, stating in the letter that certain parts of the order were made up special, and stating that they desired to treat the appellees just as they would expect to be treated were their positions reversed. The president of the appellant company stated further in this letter: "The merchandise came in and we have heard nothing further from you. We immediately got in communication with Mr. Webb who saw you on the 15th of this month. We have this morning his report which in substance tells us that he made no settlement with you in this matter and he had only a limited conversation with you because you had had a wreck with one of your locomotives in the woods and could not give him much time. . . . We are writing you and asking you to be fair with us and tell us exactly how you would treat us if the circumstances were reversed. What would you do if we had ordered

merchandise from you and upon receipt of this merchandise we notified you that we were returning it to you? And most of all, if this merchandise were made up special for us?''

It appears that this letter was not answered, and on March 3 following another letter was written the appellees in which it was stated that the appellees had entirely ignored the appellant's letters, and that the appellees had signed the order, and that, if they did not send the remittance within a reasonable time as per invoice, appellant would turn the matter over to its attorneys, and stated that the ''goods returned are subject to your order.'' It further appears that this letter was also ignored or not answered.

On May 29, 1928, the appellees mailed to the appellant a check for forty-two dollars and four cents, being the amount of the price of the gun retained by them from the shipment. This check was not marked to indicate that it was in full settlement of the account, nor is there anything in the letter inclosing it to show that it was intended to be tendered as a full settlement.

D. L. Fair, witness for the appellees, testified that he had no specific agreement, or express agreement, that the appellant would accept the return of the goods. When the case was here on former appeal, 156 Miss. 878, 127 So. 300, we held that the taking of part of the shipment constituted an acceptance of the goods on the part of D. L. Fair Lumber Company, but that the question as to whether, under the facts, the retention of the returned goods would constitute an acceptance of them as a payment pro tanto, was a question of fact for the determination of a jury. We called attention to the fact that the facts were not fully developed.

Additional testimony was taken on the remand, and it now appears that the only thing to show acceptance of the returned goods are the circumstances, above stated, happening between the return of the shipment and the letter of March 3. The burden of showing the acceptance

of the returned goods by the appellant was upon the D. L. Fair Lumber Company. Having accepted the goods, in law, by taking a part of them, and having returned them without explanation, the appellees must show such circumstances as would imply an acceptance of the returned goods in part payment of the account, and, under the facts now in evidence, we think that proof was insufficient to establish an acceptance of the returned goods. It appears that, on the receipt of the returned goods at Shreveport, the appellant took up with the salesman who made the sale the proposition of adjusting the matter with the D. L. Fair Lumber Company. The salesman interviewed the appellees, and failed to adjust it, and reported this. Immediately on receipt of this report of such failure the appellant wrote the letter above quoted from remonstrating with the appellees about returning the goods, and from this letter no intention of accepting the returned goods can be implied. The letter of March 3 distinctly told the appellees that they would be held under the contract, and the goods were subject to their order. Under the circumstances stated, there was no undue delay. It seems to us that the appellant was making a reasonable effort to adjust the matter without litigation, and such effort should not be unduly discouraged.

It is clear to us that the payment of the check did not operate as settlement in full of the account. The check was only applied in partial payment of the account. There is nothing in the terms of the check by which it could be held to be a contractual stipulation of full payment. We are therefore of the opinion that on the facts now contained in the record the judgment should have been for the appellant, and the motion of the appellant to strike the evidence of the appellees and grant a judgment for the appellant should have been sustained. Judgment will therefore be reversed, and judgment rendered here for the appellant.

Reversed, and judgment here for appellant.