GAY *et al. v.* FIRST NAT. BANK.

(Division B.   April 22, 1935.)

[160 So. 904.   No. 31682.]

F. M. Morris, of Hattiesburg, for appellants.

684

Heidelberg & Roberts, of Hattiesburg, for appellee.

Argued orally by **F. M. Morris**, for appellant, and by **M. M. Roberts**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On August 7, 1929, appellants indorsed a six hundred dollar note. The money was to be used in the purchase of a small tract of timber. Appellants aver that there was an agreement with the bank and the maker of the note, as a condition of the indorsement, that the lumber coming from the timber should be invoiced through the bank and that the bank would deduct forty per cent of the net amounts and place the same to the credit of a stumpage account to be applied to the liquidation of the note. Appellants aver and show that in March, 1930, sufficient had been collected by the bank through the stumpage account to discharge and retire the note.

The bank contends, and offers proof to show, that the understanding was that the stumpage account should be credited to any debt of the maker of the note to the bank, and that there were other debts to which the stumpage account was in part credited, thus leaving a balance due on the original note, when the stumpage account was closed in March, 1930. There were numerous renewals of notes for this balance, and down to March 25, 1933, when the last renewals were executed, and upon which this suit was brought.

Although the lumber operations on this timber were concluded in March, 1930, and the stumpage account was then closed, appellants continued from time to time to indorse renewal notes for the balance claimed by the bank without any inquiry whatever of the bank, and without any intimation to the bank, or to any one else, that appellants supposed they had any defense to the note, and throughout a period of three years. And it was not until after the last renewals on March 25, 1933, that appellants asserted, in defense of the debt, the facts which they now submit as a payment and discharge.

Where a party has full knowledge of all defenses to a note and executes a new note payable at a future date, he then waives all his defenses and becomes obligated to pay the new note. Tallahatchie Home Bank v. Aldridge, 169 Miss. 597, 604, 153 So. 818. And where the facts and circumstances are such that a reasonably prudent person, judged by normal standards, would or should have made inquiry, which inquiry, if reasonably pursued and with ordinary diligence, would have led to full knowledge of his defenses, then it becomes the duty of the party or parties to make such inquiry or investigation before executing the renewal note, and if he fail to do so he is as much bound as if he had actual knowledge of all the facts. Franklin Phosphate Co. v. International Har-

vester Co., 62 Fla. 185, 57 So. 206, Ann. Cas. 1913C, 1247; Bank of Union v. Hungerford, 111 Okla. 225, 239 P. 252.

Applying the above rules, appellants are too late in the assertion of the defense now claimed by them. The facts were such as to have put them on inquiry. Had they inquired of the bank and had been refused the information, there would be a different case; but, as already stated, they did not inquire, although three years elapsed, during all of which time they were periodically executing renewal notes.

Affirmed.