PAGE *et al. v.* AUSTIN.

(Division B.   Oct. 12, 1936.)

[169 So. 826.   No. 32262.]

**I. L. Sheffield,** of Fulton, for appellants.

C. P. and S. H. Long, of Tupelo, for the appellee.

**Griffith, J.,** delivered the opinion of the court.

The motions to dismiss the appeal and to strike the court reporter's transcript are overruled; and proceeding to the merits, the decree of foreclosure is affirmed under the ruling of this court in Gay v. First National Bank, 172 Miss. 681, 686, 160 So. 904.

The decree of foreclosure ordered the special commissioner "to proceed to foreclose said property after advertising notice of said sale as required by law and is given discretion of fixing the date of sale of said property." And in a subsequent paragraph of the decree it was ordered that the special commissioner "shall make his report of said sale to this court for confirmation at the courthouse in the Town of Tupelo at 10 o'clock on the 6th day of August, 1932." The commissioner did not make his sale until October 3, 1932, and reported the same to the regular October, 1932, term of the court of the county wherein the proceedings were pending. Appellants contend that the sale was void because not made before August 6, 1932, and reported to the chancellor at that time.

Decrees of foreclosure are often made, as in this case, vesting the commissioner with discretion as to date of sale, and fixing also some early time for the report thereof in vacation. Under such a decree, if the commissioner and the solicitors for the complainant should be advised that the foreclosure debtor is making efforts to pay off the debt and save the sale and the expense thereof, a reasonable postponement of the date may be allowed beyond the date for the vacation report, while, on the other

hand, if no such efforts are being made, or if there be no prospects of a success thereof, the sale could proceed in time to be reported in vacation as allowed in the decree. Such a decree does not limit the sale to the time between the date of decree ordering the foreclosure and the day for reporting it in vacation, but furnishes a facility merely for expedition should that be desirable under the developments of the case.

The report of the sale was not confirmed, and personal decree for balance over was not rendered until the April. 1935, term of the court; and appellants say that this could not be done at so late a day without notice to them. This question is not before us, because appellants admit in their brief that the decree of confirmation was rendered over the objection of appellant, and since no written objections appear in the record, it must follow that their objections were made ore tenus in open court; and appellants admit also that the decree for the balance over was rendered by the court on the same day. They admit, therefore, that they were in court on this case on that day, and being present, no formal notice was necessary, even if otherwise required.

Affirmed.