ANDERSON v. FIRST SECURITIES CO. OF LONGVIEW, TEXAS.

(Division B. May 8, 1939.)

[188 So. 548. No. 33699.]

**F. B. Collins**, of Laurel, for appellant.

**Beard & Pack**, of Laurel, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

A. D. Anderson, trading or doing business under the trade name, Nehi Bottling Company, ordered a carload of bottles from the First Securities Company, of Longview, Texas, to be used in bottling his products. This purchase seems to have been made in June, 1934, the bottles to be guaranteed of first quality, and to be delivered f. o. b. cars at Ellisville, Mississippi. The carload of bottles arrived, the cash payment of $275 was made, and three obligations or acceptances for $133.33 were executed, due, one in two months, one in three months, and one in four months from date.

On the arrival of the bottles at Ellisville an employe of Anderson's, in charge of the bottling business, secured the assistance of a number of boys in unloading the bottles, some of which were placed in the back of the plant, stacked, not in cases, but in the manner in which they were shipped in the cars, stacked on each other, instead of in cartons or boxes. The Nehi plant at Ellisville used some of the bottles when they were received, and no complaint of the bottles then used was made. In the meantime one of the trade acceptances had been paid, and others becoming due, the time was extended, on Anderson's application, and they were renewed.

In the spring of 1935, in the months of March and April, Anderson again began using the bottles, the ones which had been stored in the rear of the plant. And he then claimed that he discovered for the first time that these bottles were not of the first quality, and that because of this fact they would break in the process of filling in the machine used for that purpose, and they had to be junked. Anderson claimed that as soon as this was discovered, in the spring of 1935, he notified the

appellee, plaintiff in the court below, but a refund was refused.

On the 14th of January, 1938, the First Securities Company filed suit against Anderson in the county court. There was a plea of the general issue filed to the declaration, and a special plea which alleged that the notes were given in consideration of a carload of bottles which had been sold to the defendant, Anderson, under a guaranty as to quality and material, further alleging that the bottles were not first class in either make or material, and were unfit for use; but that the defendant did not discover the condition of said bottles until after execution of the notes. That there was a breach of guaranty as to the quality of the bottles, and plaintiff was not entitled to recover. The plaintiff joined issue on this plea, and on trial introduced the notes in evidence.

The defendant's testimony was to the effect that when the bottles came some small boys were employed to unload the bottles from the car, and stack them in the rear of the plant; that the bottles first unloaded, from the front end of the car, were all right. The bottles stacked in the rear of the plant were not used until the following spring, after the defendant had executed the renewal notes the preceding fall.

The cause was submitted to the jury in the county court on the following instructions for the plaintiff: "The court instructs the jury for the plaintiff that if you believe from the preponderance of the evidence, that the defendant knew, or by the exercise of ordinary care should have known, of the failure of consideration before he executed the renewal notes, then you shall find in favor of the plaintiff, even though you may believe the bottles were defective." And again: "The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that the facts and circumstances in this case as presented by the evidence in their case are such that a reasonably prudent person, judged by normal standards, would or should have made

inquiry, which inquiry, if reasonably pursued and with ordinary diligence, would have led to full knowledge of defects, if any, in the bottles, then it became the duty of the defendant to make such inquiry, or investigation before executing the notes herein sued upon, and if he fails to do so he is as much bound as if he had actual knowledge of all the facts and you should find for the plaintiff.'' And on the following instruction for the defendant: ''The court instructs the jury for the defendant that if you believe from the evidence in this case that there was such a proportionate amount of the carload of bottles in question below first class and worthless as to amount to the face amount of the notes here sued upon, then it is your sworn duty to find for defendant, provided you further believe that the defendant did not discover or by the exercise of the same care that an ordinary prudent man would have exercised to discover said defects, if any, before executing the renewal notes in question.''

On appeal the Circuit Judge held that the issues in the case had been properly submitted to the jury by these instructions, and that as the jury had found for the plaintiff, the judgment should be affirmed.

We are of the opinion that the Circuit Judge was clearly correct, under the authorities cited in his opinion, namely, Tallahatchie Home Bank v. Aldridge, 169 Miss. 597, 153 So. 818; J. B. Colt Co. v. Kelly et al., 142 Miss. 617, 107 So. 757; Gay et al. v. First Nat. Bank, 172 Miss. 681, 160 So. 904; Brewer et al. v. Automobile Sales Co., 147 Miss. 603, 111 So. 578; Nelson & Sons v. Wilkins & Parks, 151 Miss. 492, 118 So. 436; Memphis Automatic Music Co. v. Chadwick et al., 164 Miss. 635, 146 So. 137; J. B. Colt Co. v. Speight (Miss.), 120 So. 216.

The judgment of the court below is accordingly affirmed.

Affirmed.