## J. W. CARTER Co. *v.* FARLEY CLOTHING Co.

Jan. 19, 1953

No. 38627          16 Adv. S. 17          62 So. 2d 305

*Dabney & Dabney,* for appellant.

*Katzenmeyer, Katzenmeyer & Terry,* for appellee.

ETHRIDGE, J.

This is a suit on an open account by J. W. Carter Company, Inc., plaintiff below and appellant here, against the Farley Clothing Company, defendant-appellee. Appellant sued in the County Court of Warren County for the total sum of $184.65, representing the amount allegedly due for a sale by appellant to appellee of 35 pairs of shoes. The appellee, Farley Clothing Company, is a Mississippi corporation with its main store in Vicksburg, and with a branch store in Tallulah, Louisiana. The Carter Company manufactures and sells shoes to retailers.

The Tallulah, Louisiana, branch of Farley Clothing Company was under the management of L. D. Ray, Jr., son of L. D. Ray, Sr., president of the corporation, who had his office in Vicksburg. On November 8, 1949, Still, a salesman of Carter Company, visited the appellee's branch store in Tallulah and undertook to sell the manager of that store, L. D. Ray, Jr., some shoes. Ray Jr. advised Still that he did not have the authority to buy merchandise, and that if any order was given it would

be subject to confirmation by the Farley Company's buyer in its Vicksburg store. Still agreed to this condition, and advised Ray Jr. that he would get the Vicksburg office to confirm the order or he would not ship the shoes to the Tallulah branch of appellee. However, Still did not do this, and no confirmation was obtained at appellee's Vicksburg office, but Still sent the order, which was not signed by any representative of appellee, to the appellant's home office in Nashville. Appellant made the shipment of 35 pairs of shoes to appellee's Tallulah branch store on December 8, 1949. The shoes were shipped in four boxes, and after arrival one box was found to be damaged. There is no dispute in the record concerning the fact that L. D. Ray, Jr., manager of the Tallulah branch, had no authority to order goods for that store and therefore had no authority to ratify an order or shipment.

However, Ray Sr., president of the company, testified that sometime in January, 1950, Ray Jr., manager of the Tallulah branch, brought to him in Vicksburg a letter, invoice, and telegram from appellant demanding payment for the shoes. He testified that Ray Jr. told him that four boxes each containing a pair of shoes were badly damaged. "So he asked me what to do about them. And I said, 'Keep the four pair of shoes and bring me the invoice, and I will see what we owe for those four pair, and send a check and write them a letter.' And that's what we did." Ray Sr. further testified that his son asked him what to do about the boxes of shoes that were destroyed, and that he told him to keep those shoes and pay for them, and to send the remainder back to appellant; that the reason he did not send back the four pairs of shoes was that he would not send shoes to a manufacturer without the boxes. Later appellee sold these four pairs of shoes which it had retained out of the shipment.

On February 18 appellee wrote appellant and enclosed its check for $21.15 for the four pairs of shoes which appellee had retained. The other 31 pairs were returned to appellant, who, however, refused to accept them.

Appellant sued appellee in the County Court of Warren County for the purchase price of the entire shipment, 35 pairs of shoes, $184.65. The county judge, serving as trier of fact and of law, rendered judgment for appellant-plaintiff in only the amount of the price of the four pairs of shoes retained, $21.15. This was affirmed by the circuit court. We have concluded that the appellant was entitled to a judgment for the sale price of all of the shoes.

The general rule is that where a seller sends to a buyer for purposes of sale several articles of merchandise, the buyer or the offeree has no right to accept part and reject the others, and his acceptance of part will be binding upon him as an acceptance of all, where the shipment or the offer is made and regarded as an entirety. 46 Am. Jur., Sales, Sec. 260, p. 445. Appellant had no effective offer or order from the Farley Company for the shoes, since its salesman, Still, obtained no confirmation of the order at the Vicksburg office. Hence the shipment of the shoes by the appellant to appellee, without any agreement therefor, constituted an offer to sell the shoes to appellee, which appellee could accept or reject.

In 77 C.J.S., Sales, p. 633, it is said that a conditional order providing for "confirmation later" may become an effective contract of sale "by acts of acceptance and confirmation by the parties, . . . and acceptance of the goods or any part thereof by the buyer constitutes confirmation by him." The undisputed testimony of L. D. Ray, Sr., president of the company, is to the effect that he was advised of the shipment of the shoes to the Tallulah branch of his company, that he instructed his son to keep four pairs of them and to return the remainder.

This constituted an acceptance of the entire shipment, since the offeree, Farley Clothing Company, under the general rule and numerous decisions of this Court, was obligated to either accept the shipment in toto or to reject it in toto. This appears to have been first decided in this State in Ormond v. Henderson, 77 Miss. 34, 24 So. 170 (1898), dealing with a shipment of 25 barrels of sugar, where the consignee undertook to accept and pay for only 10 barrels. By these acts he was held to be liable for the entire shipment.

In Rubenstein v. Grossman-Winfield Millinery Company, 109 Miss. 819, 69 So. 688 (1915), there was involved a shipment to the buyer of 27 1/3 dozen hats. The buyer undertook to accept only a part of them, 3 to 4 dozen. It was held that the offer was an entirety, and that "the duty devolved upon him of accepting or rejecting the lot as a whole. He could not, without appellee's consent, accept a part and reject a part." In Kanson Hat & Cap Mfg. Co. v. J. D. Blakeney & Son, 142 Miss. 851, 108 So. 139 (1926), the buyer ordered a shipment of caps and hats, and retained and sold four hats. The buyer undertook to return the remainder to the seller. The Court said that acceptance of a part of the shipment constituted an acceptance of all of it. To the same effect is S. P. Nelson & Sons v. Wilkins & Parks, 151 Miss. 492, 118 So. 436 (1928). Compare Chatham v. All American Sales, Inc., 213 Miss. 88, 96, 56 So. 2d 42 (1951).

For these reasons appellant was entitled to a judgment for the entire amount of its account, and accordingly the judgment of the court below is affirmed in part, reversed in part, and judgment rendered here for appellant for the entire amount of the account.

Affirmed in part, reversed in part, and judgment rendered here for appellant for entire amount of account.

*Roberds, P. J.,* and *Kyle, Holmes* and *Arrington, JJ.,* concur.