MYERS, J.,
for the Court:
¶ 1. Kelsey and Yumeka Rushing sued Trustmark National Bank to recover damages on the grounds of negligence, breach of fiduciary duty, breach of contract, and detrimental reliance in connection with a construction-loan agreement the Rushings had entered into with the bank for a new home. The Hinds County Circuit Court granted Trustmark’s motion for summary judgment on the basis that the Rushings had waived any causes of action they might have had against Trustmark when the they continued to renew the existing construction loan with Trustmark, despite their awareness of the causes of action they intended to pursue against the bank. Finding no error with the circuit court’s application of Mississippi’s waiver rule, we affirm the court’s judgment.
FACTS
¶2. In 2002, the Rushings purchased a subdivision lot in Madison County, Mississippi, and hired Louie and John Hale, of Hale Construction, to construct a house on the property. The Rushings were unable to obtain financing for the project until 2004 when they contacted Trustmark through Carl Sandberg, Trustmark’s Vice President of Residential Lending.
¶ 3. The Rushings closed their construction loan with Trustmark on December 24, 2004. At the closing, the Rushings and the Hales executed a building contract, and the Rushings executed a written loan agreement with Trustmark.
¶ 4. As authorized by the Rushings, the construction loan operated as a line of credit with a set amount available at Trustmark, from which various amounts could be drawn off by the Hales to pay for work as construction of the house progressed. The Hales began building the house in January 2005 and continued construction on the residence until May 2005. As work progressed on the construction of the house, a total of five draws were made to the Hales from the Rushings’ line of credit.
¶ 5. On May 31, 2005, the Rushings were contacted by the subdivision’s homeowners association about problems with the construction of the home. Concerned, the Rushings paid for Madison County inspectors to conduct an inspection of the project. The inspectors thereafter informed the Rushings that unless major changes were made, construction would ultimately fail county inspection. The Rushings halted construction and contacted Trustmark, after which the bank did not remit any further draws to the Hales.
*731 ¶ 6. On June 6, 2005, the Rushings met with Sandberg to discuss their construction loan. The Rushings renewed their original construction loan with Trustmark and borrowed additional money from the bank between June 2005 and April 2006 to complete the construction of their home. Meanwhile, the Rushings had terminated their relationship with the Hales and hired Slaughter Construction, which corrected the construction deficiencies performed by the Hales and completed construction of the new home in 2006. In May 2006, the Rushings paid off their construction loan with Trustmark after they obtained a permanent mortgage with another financial institution.
¶ 7. On May 8, 2009, the Rushings filed suit in the Hinds County Circuit Court against Trustmark, Hale Construction, and Shumaker Properties,[1] alleging negligence, breach of fiduciary duty, fraud, civil conspiracy, breach of contract, and detrimental reliance.[2] In the complaint, the Rushings alleged that Trustmark failed to monitor, verify, and inspect Hale Construction’s work before remitting draws to the builder. They claimed that Trust-mark’s actions forced them to incur an additional $200,000 of debt, and they sought $500,000 in compensatory damages and $1,000,000 in punitive damages as well as attorney’s fees and other damages.
¶ 8. Trustmark and Shumaker Properties each filed their own separate answers. The Rushings were unable to locate John Hale to serve him with process. Louie Hale failed to answer the complaint, and a default judgment was entered against him.
¶ 9. The circuit court granted Trust-mark’s motion for summary judgment, certified in accordance with Rule 54(b) of the Mississippi Rules of Civil Procedure as a final judgment, based on the finding that the Rushings had “waived any potential claim they may have had against Trust-mark, when they continued to renew their loan agreement with Trustmark, despite their awareness of the cause(s) of action they intended to pursue against Trust-mark.” Relying on Citizens National Bank v. Wattman, 344 So.2d 725 (Miss.1977) and other similar cases, the circuit court reasoned that waiver operated in this case “pursuant to longstanding Mississippi law.” This appeal followed.
¶ 10. The Rushings raise the same issues they presented to the circuit court in their opposition to Trustmark’s motion for summary judgment. Because we find that the circuit court did not err on the principal issue of granting summary judgment based on the waiver doctrine, we limit our discussion to that dispositive issue.
STANDARD OF REVIEW
¶ 11. This Court reviews a trial court’s decision to grant or deny summary judgment de novo. Owens v. Thomae, 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App.2005). Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c).
DISCUSSION
¶ 12. The Rushings argue that the circuit court erred in applying the waiver doctrine to the facts in this case, as the rule has only been applied in cases where the plaintiffs or debtors were alleging causes of actions as either defenses to paying the notes for permanent financing *732 or as reactions to collection actions filed by lenders. Contrarily, Trustmark argues that the waiver doctrine, as applied by the circuit court, stands for the proposition that: where a borrower has knowledge of the facts giving rise to a claim of wrongdoing against a lender in relation to a contract, the borrower cannot affirm the contract and continue to accept the benefits of the contract and then complain about the alleged wrongdoing at a later date.
¶ 13. In Wattman, the Mississippi Supreme Court concisely and emphatically stated the rule of law which governs this case as follows:
Our law is clear that the execution of a renewal note with full knowledge of the facts constituting a defense to the original note waives that defense as to the renewal. Justice Griffith explained this doctrine in Gay v. First Nat’l Bank, 172 Miss. 681, 686, 160 So. 904, 905 (1935)[:]
Where a party has full knowledge of all defenses to a note and executes a new note payable at a future date, he then waives all his defenses and becomes obligated to pay the new note. Tallahatchie Home Bank v. Aldridge, 169 Miss. 597, 604, 153 So. 818 [ (1934) ]. And where the facts and circumstances are such that a reasonably prudent person, judged by normal standards, would or should have made inquiry, which inquiry, if reasonably pursued and with ordinary diligence, would have led to full knowledge of his defenses, then it becomes the duty of the party or parties to make such inquiry or investigation before executing the renewal note, and if he fail[s] to do so[,] he is as much bound as if he had actual knowledge of all the facts.
Wattman, 344 So.2d at 728.
¶ 14. In applying the rule to that case, the Wattman court stated:
We need not decide whether the jury was properly instructed, nor whether it could properly accept the version of the facts offered by Mrs. [Evelyn] Wattman. Nor need we decide whether, accepting Mrs. Waltman’s version of the facts as true, the Bank committed any actionable wrong, either fraudulently or negligently. We have reached the inescapable conclusion that by executing the last renewal note on August 8,1973, with full knowledge of the surrounding circumstances, Mrs. Wattman waived any cause of action she might have had against the Bank based on the earlier notes. Therefore, the defendant’s peremptory instructions should have been granted.
Id. at 727.
¶ 15. The Rushings’ argument(s) on appeal notwithstanding, we do not find the lender/borrower relationship between them and Trustmark to be any different from those found in the cases of Watt-man and Gay. The Rushings, who are both attorneys, admitted in their respective depositions that prior to renewing the construction loan with Trustmark (three additional times), they were aware of Trustmark’s alleged responsibility for the construction problems they had with Hale Construction, and they intended to sue Trustmark for its alleged actionable wrong(s) once their new builder completed construction on their home. That being the case, the Rushings waived any right of action they might have had against Trustmark. Wattman, 344 So.2d at 727; see also Holland v. Peoples Bank & Trust Co., 3 So.3d 94, 103 (¶ 22) (Miss.2008); Austin Dev. Co. v. Bank of Meridian, 569 So.2d 1209, 1212-13 (Miss.1990); Knox v. BancorpSouth Bank, 37 So.3d 1257, 1261-62 (¶ 14) (Miss.Ct.App.2010). Therefore, we affirm the circuit court’s grant of summary judgment in favor of Trustmark.
*733 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS AND MAXWELL, JJ, CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J., AND RUSSELL, J. BARNES, J., NOT PARTICIPATING.

. The record indicates that Hale Construction was associated with Shumaker Properties; Hale Construction used the latter’s Mississippi contractors' license for the project.

. The Rushings later dismissed their claims of fraud and civil conspiracy against Trustmark.